641 A.2d 612

Merlin A. BLACKBURN and Eva P.
Blackburn, His Wife, Appellants,

v.

SHARLOCK, REPCHECK, ENGEL AND
MAHLER, Appellee.   (Two Cases)

Superior Court of Pennsylvania.

Argued Dec. 16, 1993.

Filed May 18, 1994.

582

Louis M. Tarasi, Jr., Pittsburgh, for appellants.

Richard S. Dorfzaun, Pittsburgh, for appellees.

Before DEL SOLE, TAMILIA and HESTER, JJ.

DEL SOLE, Judge:

This lawsuit was begun in Allegheny County by Praecipe on August 18, 1983. Following an unsuccessful attempt of service, the Writ was reissued on September 22, 1983 and served September 29th. The Complaint was filed on January 30, 1989, but it did not contain a certification of service. An Amended Complaint was filed March 1, 1989 which did contain that certification. By stipulation filed July 21, 1989 the parties agreed to transfer the case to Jefferson County, reserving the right to seek dismissal for failing to prosecute.

After the transfer, a Petition for Rule to Show Cause Why Action Should not be Dismissed and Entry of a Judgment of Non Pros were filed and on December 29, 1989 the Rule was issued returnable in 30 days. Next Defendants' Answer and New Matter was filed on January 2, 1990, and Plaintiffs'

Response to the Petition for Rule to Show Cause was filed February 20, 1990. Various pleadings and discovery requests were filed, including a Motion for In-camera Inspection of the defendants' insurer's file on the basis the review was necessary to rebut allegations supporting the request for a non pros. Also, the Defendants sought Summary Judgment on June 11, 1991. This request was denied on August 23, 1991.

A March 17, 1992 Stipulation of Counsel permitted the review of the defendants' insurer's file. This stipulation contemplated that the court would, following the inspection, rule on the non pros request. On August 4, 1992 the defendants sought to have the Rule made Absolute and non pros entered, which was done on October 1, 1992. Following an appeal, this court quashed, requiring counsel to proceed in the trial court for removal of the non pros as required by Pa.R.C.P. 3051. Subsequently the trial court refused to remove the non pros leading to this appeal. This statement setting forth the record is necessary to understand the nature of the Appellants' arguments and the basis for our determination.

Essentially, Appellants raise three issues:

1. The delay in filing a complaint was due to their belief that the defendants, their prior counsel, wished to settle the matter which led them to believe no complaint was necessary.

2. That by undertaking a defense after filing the Motion for a non pros, the defendants waived the right to seek that relief.

3. The delay in filing the complaint was less than five years and the subsequent decision of the Supreme Court in *Penn Piping, Inc. v. INA,* 529 Pa. 350, 603 A.2d 1006 (1992) should not be retroactively applied to decide a motion filed in 1989.

Before beginning our analysis, it is appropriate to repeat the standard of review an appellate court must exercise when examining a trial court's grant of a non pros. This standard is set forth in *Gallagher v. Jewish Hospital Assn.,* 425 Pa. 112, at 113, 228 A.2d 732, at 733 (1967) where the court stated:

It is well settled law that the question of granting a non pros because of the failure of the plaintiff to prosecute his action within a reasonable time rests within the discretion of the lower Court and the exercise of such discretion will not be disturbed on appeal unless there is proof of a manifest abuse thereof.

Applying that standard, we now begin our review of the issues raised. Appellants' belief that the case would be settled is not sufficient to excuse their failure to file a complaint between 1983 and 1989. Although it is true that the defendants were formerly attorneys for Appellants, the filing of the lawsuit created an adversarial situation. Appellants were now represented by new counsel and cannot claim the prior attorney-client relationship prevented them from acting. Nor can they suggest, as they do, that the defendants owed them some undefined duty because of the prior representation. This new litigation establishes the relationship between the parties, not the prior representation. Further, while courts have traditionally fostered efforts of parties to negotiate and resolve matters, a claim of ongoing negotiations will not excuse delay in prosecuting an action. *See Pennridge Elec. v. Souderton School*, 419 Pa.Super. 201, 615 A.2d 95 (1992).

Nor are we persuaded that the defendants, by undertaking a defense, acted in a way inconsistent with their request for a non pros. They were required to answer the complaint even though the Rule had been issued. Most importantly, the parties knew throughout the litigation that the non pros was being actively sought. The transfer stipulation, the attempted discovery of the defendant's insurers file, and the stipulation for in-camera inspection all focused on and were part of this process. We cannot, nor would we, say that, given this activity on record, the trial judge abused his discretion in concluding that the defendants had not waived the right to seek a non pros.

Finally, the Appellants claim that there was no showing of actual prejudice and the trial court erred in applying

the *Penn Piping,* standard. We disagree. In *Penn,* there was an unexplained delay of four years. The Supreme Court held that where delay is two years or more, prejudice need not be established by the moving party and a court does not abuse its discretion if it enters a non pros. This is in keeping with the Court's policy, as expressed in Pa.R.J.A. 1901 which permits local courts to establish procedures for the automatic dismissal of cases where there has been no docket activity for two years. Since the ruling in *Penn Piping,* was applied to the case in which it was announced and not limited to prospective application, the distinguished trial judge, Edwin J. Snyder, was correct in applying that precedent to a case pending.

Affirmed. Jurisdiction relinquished.

TAMILIA, J., files a dissenting opinion.

TAMILIA, Judge, dissenting:

I respectfully dissent. I believe the forbearance in filing a complaint was occasioned by appellees' request to engage in a settlement process in order to avoid damage to its reputation. This appeared to be the understanding of the parties as confirmed by the conduct of appellees following an attempt by present appellate counsel to move the litigation forward. It was later in the process when appellees decided to file a motion for non pros. I would find that period from the onset of the action by praecipe to the time new counsel filed the complaint to be waived for purposes of applying *Penn Piping, Inc. v. INA,* 529 Pa. 350, 603 A.2d 1006 (1992). The period following the filing of the complaint involved legitimate pretrial skirmishing and should not reflect on appellants' timeliness in pursuing their action.

The existence of a patently substantial justiciable issue which will be forfeited due to an induced delay by appellees is something the rule was not intended to permit. Any failure of appellants to proceed was matched to a greater degree by appellees' posture of conciliation and negotiation. Whether or not *Penn Piping* may be applied retroactively is not relevant

586

here where prejudice cannot be presumed by the delay when the party who claims prejudice produced the delay.

I would reverse and remand for trial.