656 A.2d 522

**Amelia DORICH, Appellant,**

v.

**Richard D. DiBACCO, D.P.M.**

Superior Court of Pennsylvania.

Argued Feb. 8, 1995.

Filed March 28, 1995.

had entered Ms. Basile's house without permission so that he could sleep off a hangover. N.T. 6/6–9/94 at 252.

Denis W. Krill, Erie, for appellant.

Michael J. Sweeney, Pittsburgh, for appellee.

Before CAVANAUGH, JOHNSON and SAYLOR, JJ.

JOHNSON, Judge:

Amelia Dorich appeals from the order denying her petition for removal of judgment of non pros pursuant to Pa.R.Civ.P. 3051. We affirm.

The trial court's certified docket reflects the following: On September 30, 1987, Dorich commenced this medical malpractice action by filing a praecipe for a writ of summons, which was served on Richard D. DiBacco, D.P.M., on October 1, 1987. On December 22, 1987, Dorich filed a complaint seeking to recover for injuries sustained as a result of allegedly negligent surgery performed by DiBacco, her podiatrist. On January 15, 1988, DiBacco filed an answer and new matter. On February 10, 1988, and April 29, 1988, DiBacco filed a notice of service of interrogatories directed to Dorich.

Over three and a half years later, on January 31, 1992, the court permitted Dorich's counsel to withdraw. On June 24, 1992, DiBacco filed a motion for summary judgment. In consideration of DiBacco's motion, on July 30, 1992, the court directed that counsel for Dorich enter an appearance within ten days or Dorich would suffer a judgment of non pros. The court also directed Dorich to file a preliminary expert report.

On August 10, 1992, Dorich filed her expert's preliminary report.

On September 24, 1992, DiBacco again filed a motion for summary judgment. On November 24, 1992, the court denied DiBacco's motion and further ordered that discovery be completed within 30 days and that the matter be placed on the next available trial list following the close of discovery.

On January 21, 1993, the court granted Dorich an additional 30 days to obtain counsel to represent her. On February 24, 1993, Dorich, *pro se,* filed a motion for a continuance. The court issued a rule to show cause on Dorich's motion. On March 5, 1993, DiBacco answered the rule to show cause. No further entries were made to the docket on that date. However, Dorich claims that, by order dated March 5, 1993 (the March 5 order), docketed March 21, 1994, the trial court granted her motion to open discovery, permitting her an additional 60 days to complete discovery.

On March 12, 1993, DiBacco filed a motion for judgment of non pros. On March 23, 1993, Denis W. Krill, Esquire, entered an appearance on behalf of Dorich. That same day, Dorich conducted discovery for the first time by filing a notice of service of interrogatories and a notice of service of request for production of documents. We note that, at that point in time, over five years had passed since Dorich filed her complaint. On April 1, 1993, Dorich filed a brief in opposition to DiBacco's motion for judgment of non pros. In addition, she requested attorney's fees, arguing that, in light of the March 5 order, DiBacco's motion had been filed in bad faith. Dorich then continued to conduct discovery. However, on September 30, 1993, the trial court granted DiBacco's motion for judgment of non pros and denied Dorich's request for attorney's fees.

On October 7, 1993, Dorich filed a petition for removal of judgment of non pros. Oddly enough, while this petition was pending, the docket indicates that the court, by order dated March 5, 1994, docketed March 21, 1994, granted Dorich's motion to open discovery. Nevertheless, on August 11, 1994,

the court denied Dorich's petition for removal of judgment of non pros. Dorich now appeals.

For purposes of appellate review, we have renumbered Dorich's issues. Dorich contends that the trial court abused its discretion by denying her petition for removal of judgment of non pros because (1) she had justifiable reasons for the delay and DiBacco has not demonstrated that he was prejudiced by the delay; (2) the court failed to accord her the procedural due process rights set forth in Erie County Local Rule of Court 310 and Pa.R.J.A. 1901(c); (3) the court relied upon erroneous facts regarding the lack of discovery undertaken pursuant to the March 5 order permitting her additional time to complete discovery; (4) the court entered judgment of non pros against her after granting her additional time to complete discovery; and, (5) DiBacco's actions effectively moved this case to trial, thereby acting as a waiver of his claim for judgment of non pros.

When reviewing claims such as this, it is well-established that

"[a] request to open a judgment of non pros is by way of grace and not of right and its grant or refusal is peculiarly a matter for the trial court's discretion. We are loathe to reverse the exercise of the court's equitable powers unless an abuse of discretion is clearly evident." Before a petition to open a judgment of non pros may be granted, the moving party must 1) promptly file a petition to open, 2) present a reasonable explanation or excuse for the default or delay that precipitated the non pros, and 3) establish that there are sufficient facts to support a cause of action.

*Abraham Zion Corp. v. After Six, Inc.,* 414 Pa.Super. 611, 616–17, 607 A.2d 1105, 1108 (1992), *appeal denied,* 533 Pa. 628, 621 A.2d 576 (1993), quoting *Narducci v. Mason's Discount Store,* 518 Pa. 94, 98, 541 A.2d 323, 325 (1988). In this case, Dorich promptly filed her petition seeking to open the judgment of non pros within one week after the court entered the judgment. However, Dorich must also satisfy the two remaining prongs of the above-stated test before relief may be granted.

 First, Dorich argues that the trial court abused its discretion when it denied her petition because she had justifiable reasons for any delay on her part, and DiBacco did not establish that he was prejudiced by the delay. A plaintiff has an affirmative duty to prosecute her action within a reasonable time. *Penn Piping, Inc. v. Insurance Co. of N. Am.*, 529 Pa. 350, 603 A.2d 1006 (1992). Before a court may dismiss an action for lack of docket activity, it must be demonstrated that (1) a party has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and, (3) the delay has caused prejudice to the adverse party, which will be presumed in cases involving a delay for a period of two years or longer. *Id.* In cases where the delay was caused by bankruptcy, liquidation or other operation of law, or where the case was delayed awaiting significant developments in the law, there will be an automatic determination that a compelling reason for the delay has occurred. *Id.* Other compelling reasons may be determined on a case-by-case basis. *Id.*

 Here, more than five years had passed from the time Dorich filed her complaint on December 22, 1987, until she first began to conduct discovery in this case on March 23, 1993. The only activity by Dorich during that five year period is the filing of a preliminary expert report on August 10, 1992, by order of the court. Thus, we find that she demonstrated a lack of due diligence in failing to proceed with reasonable promptitude. In addition, because this delay exceeded two years, we will presume that the delay caused prejudice to DiBacco. *Penn Piping, supra,* 529 Pa. 350, 603 A.2d 1006.

Nevertheless, Dorich maintains that the delay was justified because she was unable to work as a result of DiBacco's negligence and, thus, economically unable to obtain the liability and damage expert witnesses needed to take her case before a jury. Dorich cites no authority, nor are we aware of any, which holds that the inability to obtain expert witnesses provides a compelling reason for delay. Moreover, we find that Dorich's proffered explanation for her delay cannot be compared with the situations cited in *Penn Piping,* requiring a

determination that a compelling reason for delay exists. Each of the examples provided by the *Penn Piping* Court effectively removed the case from the plaintiff's control. Here, there is no evidence that Dorich did not maintain control of her case. Therefore, we cannot conclude that Dorich provided a compelling reason for her delay. Accordingly, the trial court properly entered judgment of non pros against Dorich for lack of activity on the docket. *Id.* Furthermore, because Dorich did not provide a compelling reason for her delay, we find that the trial court did not abuse its discretion when it denied Dorich's petition for removal of judgment of non pros. *Abraham Zion, supra,* 414 Pa.Super. 611, 607 A.2d 1105.

▪ Next, Dorich claims that the trial court abused its discretion in denying her petition because the court failed to accord her the procedural due process protections set forth in Erie County Local Rule of Court 310 and Pa.R.J.A. 1901(c). Pa.R.J.A. 1901, in pertinent part, provides:

(a) **General Policy.** It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

(b) **Primary Responsibility for Implementation of Policy.**

(1) Each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court. . . .

\* \* \* \* \* \*

(c) **Minimum Standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination. . . .

Erie County Local Rule 310 provides:

### Rule 310. TERMINATION OF ACTION OR PROCEEDING BECAUSE OF INACTIVITY.

\* \* \* \* \* \*

The Prothonotary shall list for general call the first week of October of each year civil matters in which no steps or proceedings have been taken for two (2) years or more prior thereto and shall give notice thereof to counsel of record and to the parties for whom no appearance has been entered, as provided by Pa.R.J.A. No. 1901(c). If no action is taken or no written objection is docketed in such a matter prior to the commencement of the general call, the Prothonotary shall strike the matter from the list and forward a general order dismissing the matter with prejudice for failure to prosecute under the provisions of this Rule to the Administrative Judge of the Civil Division. If no good cause for continuing a matter is shown at the general call, an order shall be entered forthwith by the Court for dismissal.

Dorich asserts that the trial court, in denying her petition, relied upon *Penn Piping, supra,* 529 Pa. 350, 603 A.2d 1006, which, she maintains, is not applicable to this matter. Specifically, Dorich argues that, in that case, there was no local rule of court implementing standards under Pa.R.J.A. 1901 to terminate inactive cases. However, in the present case, Erie County Local Rule of Court 310 was promulgated to implement the standards of Pa.R.J.A. 1901.

The note following Rule 1901, in pertinent part, provides:

The general policy set forth in Subdivision (a) is based on an administrative consideration, not substantive or procedural standards applicable to speedy trials in either civil or criminal cases.... [This Rule] is intended to foster elimination of stale cases from the judicial system where the parties have failed to proceed and which are carried as open matters *because of the failure on the part of any party to seek dismissal or otherwise to bring the matter to a conclusion.*

Pa.R.J.A. 1901, Note (emphasis added). Thus, an examination of this note reveals that the local rules of court enacted pursuant to Pa.R.J.A. 1901 and a motion for non pros filed by a private party are alternative and equally appropriate means of obtaining dismissal based upon a lack of docket activity. Here, DiBacco chose to file a motion for judgment of non pros.

Furthermore, in *Gates v. Servicemaster Commercial Serv.,* 428 Pa.Super. 568, 631 A.2d 677 (1993), *appeal denied,* 537 Pa. 610, 641 A.2d 310 (1994), the plaintiff argued that she was entitled to rely upon a procedure established in a Dauphin County local rule as being the sole method of dismissing a case due to prolonged inactivity. This Court determined that the local rule "did not preclude individual litigants to a suit from asserting their common law right to a reasonably prompt conclusion to a case. Consequently, the presumption afforded by *Penn Piping, supra,* was not superseded by [the local rule's] method for dismissing inactive cases." *Id.* 428 Pa.Super. at 581 n. 2, 631 A.2d at 683 n. 2. Therefore, pursuant to *Gates,* the holding of *Penn Piping* is not superseded by the enactment of local rules such as Erie County Local Rule 310. Rather, *Penn Piping* applies, even in counties which have adopted local rules in accordance with Pa.R.J.A. 1901, where the non-delaying party asserts his right to a reasonably prompt conclusion to a case by petitioning for a judgment of non pros. As a result, Dorich's claim that *Penn Piping* is not applicable to this matter is meritless, and we cannot find that the court committed an abuse of discretion by denying Dorich's petition to remove the judgment of non pros.

In Dorich's next two issues, she contends that the trial court abused its discretion by denying her petition seeking to open the judgment of non pros because (1) the court relied upon erroneous facts regarding the lack of discovery undertaken pursuant to the March 5 order, permitting her additional time to complete discovery, and (2) it was unfair and inconsistent to enter a judgment of non pros against her after the court granted her additional time to complete discovery.

She complains that her counsel "took several, immediate steps to undertake substantial formal discovery" in compliance with the March 5 order. Appellant's Brief at 24 (emphasis omitted). However, as noted above, Dorich first conducted discovery in this case on March 23, 1993, after DiBacco filed his motion for judgment of non pros and more than five years after Dorich filed her complaint. This Court recognized in *Gates, supra,* 428 Pa.Super. 568, 631 A.2d 677, that a plaintiff's motion to compel discovery filed subsequent to defendant's motion for judgment of non pros does not break the continuity of unexplained docket inactivity. *Gates,* at 575, 631 A.2d at 680. Thus, we need not concern ourselves with discovery undertaken by Dorich subsequent to DiBacco's motion for judgment of non pros. Furthermore, even if we were to consider the discovery which Dorich conducted, we cannot conclude that, given this unexplained docket inactivity for a period exceeding five years, the trial court abused its discretion by re-examining the docket and entering judgment of non pros against Dorich.

Finally, Dorich maintains that DiBacco's actions effectively moved this case to trial, thereby acting as a waiver of his claim for judgment of non pros. "[A] party seeking non pros may waive the right thereto if his or her conduct indicates a willingness to try the case on its merits. . . ." *Neshaminy Constructors, Inc. v. Plymouth Township,* 132 Pa. Cmwlth. 229, 237, 572 A.2d 814, 818 (1990). In this case, Dorich claims that DiBacco waived his right to a judgment of non pros by filing two motions for summary judgment and by responding to Dorich's discovery requests following the filing of his motion for judgment of non pros.

The trial court found that DiBacco's "motions [for summary judgment] pertained to [Dorich]'s failure to identify an expert, not to dispense [with] the case on the merits." Trial Court Opinion, dated September 29, 1993, at 7. In the motion for summary judgment filed June 24, 1992, DiBacco averred that he was entitled to judgment as a matter of law because Dorich, who failed to identify an expert to testify on her behalf, would be unable to prove that his actions were the proximate cause of her injuries without expert testimony. In

the motion for summary judgment filed September 24, 1992, DiBacco averred that Dorich's preliminary expert report did not set forth "with a reasonable degree of medical certainty" that DiBacco caused Dorich's injury and, thus, DiBacco was entitled to judgment as a matter of law. After thorough review, we agree that neither of DiBacco's motions for summary judgment sought to dispense with the case on the merits. Moreover, we are not persuaded that DiBacco, by responding to Dorich's discovery requests as he was required to do under the Pennsylvania Rules of Civil Procedure, acted in a way inconsistent with his request for a non pros. *See Neshaminy, supra,* 132 Pa.Cmwlth. 229, 572 A.2d 814; *Blackburn v. Sharlock, Repcheck, Engel and Mahler,* 433 Pa.Super. 581, 641 A.2d 612 (1994). The parties knew that the non pros was being actively sought. Therefore, we cannot find that the trial court abused its discretion in concluding that DiBacco had not waived the right to seek a non pros.

Having found no merit to Dorich's contentions, we affirm the order denying her petition for removal of judgment of non pros.

Order AFFIRMED.