## Mackintosh-Hemphill International Inc. v. Gulf & Western Inc.

*Louis M. Tarasi Jr.,* for plaintiffs.
*Michael A. Cardozo* and *H. Woodruff Turner,* for defendants.

WETTICK, *J.*, May 9, 1995—Defendants have filed a petition for the entry of a judgment of non pros based on plaintiffs' failure to proceed. The petition relies on the decision of the Supreme Court of Pennsylvania in *Penn Piping Inc. v. Insurance Company of North America*, 529 Pa. 350, 603 A.2d 1006 (1992), which held that a trial court may dismiss an action where (1) the plaintiff has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has been for a period in excess of two years.[1]

Plaintiffs oppose the issuance of a rule on two grounds. They contend that the facts which are of record establish that plaintiffs have proceeded with due diligence, that plaintiffs have a compelling reason for the delay in docket activity, and that there has been no prejudice to defendants. Plaintiffs also contend that the record establishes that defendants have waived any right to the entry of a judgment of non pros through conduct taken after plaintiffs filed their complaint in this lawsuit.[2]

---

1. Appellate court cases decided after *Penn Piping* which have upheld a lower court's dismissal based on these *Penn Piping* standards include *Dorich v. DiBacco*, 440 Pa. Super. 581, 656 A.2d 522 (1995); *Blackburn v. Sharlock, Repcheck, Engel and Mahler*, 433 Pa. Super. 581, 641 A.2d 612 (1994); *Rockwood Insurance Company v. Motor Coils Manufacturing Co.*, 166 Pa. Commw. 495, 646 A.2d 705 (1994); *Gates v. Servicemaster Commercial Service*, 428 Pa. Super. 568, 631 A.2d 677 (1993); *DiGiacomo v. Philadelphia Suburban Water Co.*, 426 Pa. Super. 183, 626 A.2d 634 (1993); *Pine Township Water Company Inc. v. Felmont Oil Corporation*, 425 Pa. Super. 473, 625 A.2d 703 (1993); *Pennridge Electric Inc. v. Souderton Area Joint School Authority*, 419 Pa. Super. 201, 615 A.2d 95 (1992).

2. This opinion considers only whether a rule should issue. The issues discussed in this opinion may be addressed at this time because a petition seeking the entry of a judgment of non pros should be

This lawsuit was commenced through the filing of a writ of summons in this court on May 11, 1988. There was no further activity of record until plaintiffs filed their complaint in this action on November 29, 1993.[3]

Within 30 days of service of this complaint, defendants removed this action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§1441 and 1452. On December 27, 1993, defendants filed in the federal court proceedings an answer to plaintiffs' complaint in which they raised as an affirmative defense that the allegations of the complaint are barred by the doctrine of laches. On the same date, plaintiffs filed an answer and objection to defendants' petition for removal.

Through a court order dated January 21, 1994, the federal court referred the action to the United States Bankruptcy Court for the Western District of Pennsylvania. Through a June 1, 1994 order of court, the reference to the bankruptcy court was withdrawn. After withdrawal of the reference, defendants promptly filed in the federal court a motion for dismissal of this action asserting, inter alia, that plaintiffs' delay in prosecuting this action bars plaintiffs' recovery. On August 31, 1994, the federal court ordered the action remanded to this court without ruling on defendants' motion to dismiss.

On October 3, 1994, defendants filed an amended answer and new matter which met the requirements of the Pennsylvania Rules of Civil Procedure. This

denied without the issuance of a rule unless I determine that petitioners will prevail in the event that the disputed issues of fact are resolved in their favor. See *Cross v. 50th Ward Community Ambulance Company*, 365 Pa. Super. 74, 528 A.2d 1369 (1987).

3. Counsel for defendants accepted service of the writ through a June 2, 1988 writing which was never filed with the court.

amended answer included as new matter, "Fourth New Matter," the following defense:

"Because of defendants' inexcusable five-year delay in asserting these claims, the averments of the complaint are barred by the doctrine of laches."

On the same date, defendants filed a motion for judgment on the pleadings and a memorandum of law in support of the motion which sought dismissal on the grounds of res judicata, collateral estoppel, the failure to sue within a limitations period established by contract, and the equitable doctrine of laches based on plaintiffs' inexcusable delay in asserting their claims. On October 13, 1994, plaintiffs filed a reply to defendants' new matter which averred that laches does not apply to this action for the following reasons: laches is not applicable once a lawsuit has been commenced; defendants have failed to allege that the delay has caused any prejudice; and any delay is excusable because plaintiffs are in bankruptcy, the trustee in bankruptcy died following a lengthy illness, and plaintiffs were awaiting a clarification of the law.

On February 16, 1995, I filed a memorandum and order of court which denied defendants' motion for judgment on the pleadings. I ruled against defendants on the merits as to their defenses of res judicata, collateral estoppel, and failure to timely file the lawsuit. With respect to the laches defense, I ruled that a request for dismissal for inactivity must be raised through a petition for the entry of a judgment of non pros.

On February 24, 1995, defendants filed the petition for entry of judgment of non pros that is the subject of this opinion and order of court.

## I.

Initially, I consider plaintiffs' contention that the record in this case establishes that defendants are not capable of meeting the requirements for the entry of a judgment of non pros—failure to proceed with reasonable promptitude; the absence of a compelling reason for the delay; and prejudice.

The delay on which defendants base their motion is the period in excess of five years from the filing of the writ (May 1988) to the filing of the complaint (November 1993).[4] Plaintiffs contend that there has not been a lack of due diligence because they have actively engaged in discovery since the case was commenced. However, this is a disputed factual issue because there is nothing in the record showing that there has been any discovery in this case and defendants assert that plaintiffs have not taken any steps to prosecute this action.

Plaintiffs also contend that defendants cannot complain about any inactivity from the date that the lawsuit was commenced to the date on which the complaint was filed because defendants had another remedy— entering a rule on plaintiffs to file a complaint under Pa.R.C.P. 1037(a). However, this argument was rejected by the Pennsylvania Supreme Court in *Gallagher v. Jewish Hospital Association of Philadelphia*, 425 Pa.

---

4. A plaintiff does not cure his or her failure to prosecute the case with reasonable diligence by taking steps to move the case forward prior to the defendant's filing a petition requesting the entry of a judgment of non pros. *Kennedy v. The Bulletin Company*, 237 Pa. Super. 66, 70-71, 346 A.2d 343, 346 (1975); *Blackburn v. Sharlock, Repcheck, Engel and Mahler, supra* at 582-83, 641 A.2d at 613; *Pine Township Water Company Inc. v. Felmont Oil Corporation, supra* at 778, 625 A.2d at 706.

112, 228 A.2d 732 (1967), where the court said that the purpose of Rule 1037 was to provide a procedure to the defendant to compel the filing of a complaint; Rule 1037 was not intended to restrict the ability of the court to exercise its inherent power to grant a judgment of non pros where the plaintiff fails to prosecute the action within a reasonable time. Also see *Blackburn v. Sharlock, Repcheck, Engel and Mahler, supra*. In addition, see the case law holding that dismissal through a petition for non pros filed by the defendant and dismissal based on a local rule of court promulgated pursuant to Pa.R.J.A. 1901 are alternative methods for dismissing inactive cases. *Dorich v. DiBacco,* 440 Pa. Super. 581, 656 A.2d 522 (1995); *Gates v. Servicemaster Commercial Service,* 428 Pa. Super. 568, 581 n.2, 631 A.2d 677, 683 n.2 (1993); *Pine Township Water Company Inc. v. Felmont Oil Corporation,* 425 Pa. Super. 473, 475-76 n.1, 625 A.2d 703, 704 n.1 (1993).

Furthermore, plaintiffs' position is inconsistent with the public policy expressed in *Penn Piping Inc. v. Insurance Company of North America, supra* at 357 n.3, 603 A.2d at 1009 n.3, and subsequent case law holding that it is the plaintiff, rather than the defendant, that is responsible for moving the case forward. See *Pennridge Electric Inc. v. Souderton Area Joint School Authority,* 419 Pa. Super. 201, 615 A.2d 95 (1992), where the court said:

"Litigation by its nature is filled with events that create delay. Nonetheless, the law is settled that it is plaintiff's burden to move a case to trial, and it is plaintiff, not defendant, who bears the risk of not acting within a reasonable time." *Id.* at 209, 615 A.2d at 99.

Plaintiffs also claim that the record establishes a compelling reason for the delay in docket activity. Both plaintiff corporations are in bankruptcy which, accord-

ing to plaintiffs' counsel, is a per se compelling reason for any delay. However, bankruptcy is not a reasonable excuse for a delay unless the bankruptcy proceedings are a substantial cause for the delay. In this case, both plaintiff corporations have been in bankruptcy from prior to the filing of the lawsuit through the present date.

Consequently, there is no apparent relationship between the bankruptcy proceedings and the delay in excess of five years.

The record in this court shows that there was a related lawsuit in federal court that proceeded to trial within this five-year period *(Wittenkamp v. Gulf & Western Inc.,* Civil Action No. 89-471 (W.D. Pa. 1992), *affirmed,* 991 F.2d 1137 (3d Cir. 1993), *cert. denied,* 114 S.Ct. 309 (1993)). The plaintiff in that lawsuit was represented by the same law firm that is representing plaintiffs in this lawsuit. Plaintiffs contend that the activities in the related lawsuit excuse the delay in the present proceedings.

In the present case, plaintiffs are a corporation that purchased the Mackintosh-Hemphill division from defendants and the parent corporation of the purchaser. In the federal court action, the plaintiff, Wittenkamp, was the sole shareholder of the parent corporation and its president/chief operating officer. In the federal proceeding and the present proceeding, the plaintiffs' claims are based on defendants' failure to disclose obligations under a collective bargaining agreement to pay medical benefits for retired workers. However, the damage claims raised in the federal court action for the failure to disclose differ from the damage claims raised in the state court proceedings. In the federal court action, Wittenkamp was seeking damages based on impairment of his earning capacity, public humiliation, damage to

his lines of credit, and an inability to raise equity funds. Wittenkamp did not seek to recover the damages which the plaintiff corporations claim in these state court proceedings (including a refund of the purchase price to the purchaser; a refund of the costs expended by the purchaser in the course of business; and payment of all corporate debts).

In their motion for judgment on the pleadings filed in these proceedings, defendants contended that plaintiffs in these state court proceedings are bound by the adverse findings and rulings made in the federal court proceedings under the doctrines of res judicata and collateral estoppel because there is privity between Wittenkamp and the plaintiff corporations. Plaintiffs argued that these doctrines did not apply because the present case involves different plaintiffs with separate interests. I accepted plaintiffs' argument because in the federal court action any recovery would not have inured to the benefit of the corporate purchasers while recovery in these proceedings would not necessarily inure to the benefit of Wittenkamp because this lawsuit is brought through a bankruptcy trustee who represents the interests of the creditors of the corporate purchasers.

Since the two lawsuits involve different claims of different parties, there is no apparent justification for the plaintiffs' failure to proceed in this court throughout the five-year period in which Wittenkamp's lawsuit was working its way through trial and the appellate process. Consequently, I reject plaintiffs' position that the existence of this separate lawsuit as a matter of law bars the entry of a judgment of non pros.

Plaintiffs' final position is that defendants cannot show any actual prejudice from the delay in excess of five years because defendants have obtained the relevant records and the relevant testimony in the related

federal court proceedings. However, under *Penn Piping* and its progeny, prejudice may be presumed and need not be averred or proven by the petitioner where the delay exceeds two years. *Pennridge Electric Inc. v. Souderton Area Joint School Authority, supra* at 206-211, 615 A.2d at 98-100; *Dorich v. DiBacco, supra* at 586, 656 A.2d at 524; *Blackburn v. Sharlock, Repcheck, Engel and Mahler, supra* at 585, 641 A.2d at 614; *Pine Township Water Company Inc. v. Felmont Oil Corporation, supra* at 478, 625 A.2d at 706.

For these reasons, I conclude that defendants have established a prima facie showing that plaintiffs have failed to proceed with reasonable promptness, that plaintiffs have no compelling justification for the delay and that a finding of prejudice may be presumed on the basis of inactivity of record in excess of two years. Consequently, a rule shall issue unless defendants have taken actions following the filing of the complaint that serve as a waiver of the right to a judgment of non pros based on plaintiffs' failure to proceed.

## II.

I now consider plaintiffs' contention that the record in this case establishes that as a matter of law defendants have waived their claim of non pros. As I said previously, after plaintiffs filed their complaint, defendants promptly removed this action to federal court. After the federal court ordered the action remanded to this court, defendants filed an amended answer to the complaint which conformed to the pleading requirements of the Pennsylvania Rules of Civil Procedure and a motion for judgment on the pleadings. After my denial of the motion for judgment on the pleadings, defendants filed the petition for entry of judgment of non pros that is the subject of this opinion and order of court.

Plaintiffs cite case law holding that if a defendant takes steps indicating a willingness to try the case on the merits notwithstanding a delay, the defendant has waived its right to seek the entry of a judgment of non pros as a result of this delay. *Poluka v. Cole,* 222 Pa. Super. 500, 503, 295 A.2d 132, 134-35 (1972); *Neshaminy Constructors Inc. v. Plymouth Township,* 132 Pa. Commw. 229, 237-38, 572 A.2d 814, 818-19 (1990). However, the facts of record in this case do not show that defendants took any steps which indicated a willingness to try this case on the merits.

Defendants had 30 days after service of the complaint in which to remove this action to the United States District Court under 28 U.S.C. §§1441 and 1452. 28 U.S.C. §1446(b). Within this 30-day period, defendants removed the case to the federal court and filed an answer which raised the affirmative defense that plaintiffs' delay in prosecuting this action barred plaintiffs from recovery. Also, as soon as the federal court withdrew the reference to the United States Bankruptcy Court, defendants filed in the federal court a motion for dismissal of this action asserting, inter alia, that plaintiffs' delay in prosecuting this action barred plaintiffs from recovery. The federal court ordered the action remanded to this court without ruling on the motion to dismiss. None of these activities which occurred during the period between the filing of the complaint and the entry of the federal court order remanding the action to this court indicated a willingness to try the case on its merit or forced plaintiffs to move the case forward to trial on the merits.

After the case was remanded, defendants promptly filed an amended answer and a motion for judgment on the pleadings in which they sought dismissal of the case on the basis of the affirmative defenses of res judicata, collateral estoppel, laches, and an alleged

contractual limitations period. Obviously, the filing of a motion for judgment on the pleadings based upon prior events is neither an activity showing any desire on the part of defendants to try the case on the merits or an activity which requires plaintiffs to move the case forward to trial. However, plaintiffs contend that the filing of an answer is activity showing a desire to try the case on the merits. But under Pa.R.C.P. 1034, a motion for judgment on the pleadings cannot be filed until the pleadings are closed and the filing of the amended answer simultaneously with the filing of a motion for judgment on the pleadings shows that the answer was filed to enable defendants to raise their best arguments in support of their motion seeking dismissal without trial or discovery. Also, Pennsylvania case law holds that the filing of an answer is not a waiver of the right to pursue a dismissal for the failure to proceed. *Blackburn v. Sharlock, Repcheck, Engel and Mahler, supra* at 584, 641 A.2d at 614.

While defendants have not taken any steps which have (1) indicated a willingness to try the case on the merits or (2) caused plaintiffs to expend resources to move the case forward to trial, actions which defendants have taken following the filing of the complaint have forced plaintiffs to devote resources to issues other than a defense to the claim that this lawsuit should be dismissed for failure to proceed. By removing the case to federal court, defendants compelled plaintiffs to expend resources to obtain a court order remanding the case to this court. By filing and scheduling an argument on their motion for judgment on the pleadings, defendants forced plaintiffs to expend resources to address defendants' claims that the doctrines of res judicata and collateral estoppel bar plaintiffs from pursuing this lawsuit and that the suit was not timely filed. Since

none of these actions which defendants took resulted in plaintiffs engaging in activities that moved the case forward to trial, the issue presented by defendants' failure to file immediately a petition for the entry of a judgment of non pros is whether a defendant waives the defense of the failure to prosecute by taking actions which cause a plaintiff to expend resources addressing other defenses and strategies intended to obtain a dismissal without a trial. The Pennsylvania appellate court case law supports defendants' position that where a defendant has placed the plaintiff on notice that the defendant is seeking dismissal for failure to prosecute, a defendant may also pursue other strategies to obtain dismissal without trial.

In *Dorich v. DiBacco, supra,* on June 24, 1992, the defendant filed a motion for summary judgment for failure to file an expert's report following inactivity for approximately three and one-half years. After the plaintiff filed a preliminary expert's report, on September 24, 1992 the defendant filed another motion for summary judgment which the court denied on November 24, 1992. After additional docket activity, on March 12, 1993 the defendant filed a motion for non pros based on the plaintiff's failure to proceed which the trial court granted. On appeal, the plaintiff contended that the defendant had waived his claim to a judgment of non pros by filing two motions for summary judgment and by responding to the plaintiff's discovery requests following the filing of a motion for judgment of non pros. The Superior Court rejected that argument stating:

"After thorough review, we agree that neither of DiBacco's motions for summary judgment sought to dispense with the case on the merits. Moreover, we are not persuaded that DiBacco, by responding to Dorich's discovery requests as he was required to do

under the Pennsylvania Rules of Civil Procedure, acted in a way inconsistent with his request for a non pros. See *Neshaminy, supra; Blackburn v. Sharlock, Repcheck, Engel and Mahler,* 433 Pa. Super. 581, 641 A.2d 612 (1994). The parties knew that the non pros was being actively sought. Therefore, we cannot find that the trial court abused its discretion in concluding that DiBacco had not waived the right to seek a non pros." *Dorich v. DiBacco,* 440 Pa. Super. at 591, 656 A.2d at 527.

Plaintiffs find to be significant the opinion's statement that neither of the motions for summary judgment sought to dispense with the case on the merits. In the context of the court's opinion, this statement apparently means that the defendant was not claiming that he should prevail on the merits; he was instead claiming that the plaintiff's claims could not go forward to a hearing on the merits because there was not sufficient evidence to support a verdict in the plaintiff's favor. The same is true in the present case. In their judgment on the pleadings, the defendants were not asking the court to look at the merits of the plaintiffs' claims but rather to find that the merits of plaintiffs' claims may not be considered because the claims were not timely filed and/or because the doctrines of collateral estoppel or res judicata preclude a consideration in this court of the merits of these claims.

In *Blackburn v. Sharlock, Repcheck, Engel and Mahler, supra,* the plaintiffs filed a complaint following a period in excess of five years after commencement of the lawsuit by praecipe. By stipulation filed on July 21, 1989, the parties agreed to transfer the case to Jefferson County, reserving the defendants' right to seek dismissal for failure to prosecute. Next, the defendants filed a petition for a rule to show cause why the action

should not be dismissed and on December 29, 1989, the court issued a rule returnable in 30 days. On January 2, 1990, the defendants filed an answer and new matter to the plaintiffs' complaint. The plaintiffs filed a response to the rule to show cause on February 20, 1990. Thereafter, various pleading and discovery requests were filed and the defendants then sought summary judgment on June 11, 1991. The request was denied on August 23, 1991. On October 1, 1992, the court then entered a judgment of non pros based on the delay in excess of five years from the commencement of the action to the filing of the complaint. On appeal, the appellate court affirmed. In response to the plaintiffs' waiver argument, the court said:

"Nor are we persuaded that the defendants, by undertaking a defense, acted in a way inconsistent with their request for a non pros. They were required to answer the complaint even though the rule had been issued. Most importantly, the parties knew throughout the litigation that the non pros was being actively sought. The transfer stipulation, the attempted discovery of the defendant's insurers file, and the stipulation for in-camera inspection all focused on and were part of this process. We cannot, nor would we, say that, given this activity on record, the trial judge abused his discretion in concluding that the defendants had not waived the right to seek a non pros." *Id.* at 584, 641 A.2d at 614.

In *American Bank and Trust Co. of Pennsylvania v. Ritter, Todd and Haayen,* 274 Pa. Super. 285, 418 A.2d 408 (1980), on March 13, 1978, the defendants filed a petition for a judgment of non pros based on the plaintiff's failure to prosecute the matter with due diligence. On April 12, 1978, the defendants filed a motion for summary judgment. Both motions were argued before the trial court. On September 26, 1978,

the petition for non pros was granted. No ruling was made on the motion for summary judgment. On appeal, the plaintiff argued that the filing of the motion for summary judgment constituted a waiver since the defendants had endeavored to force a decision on the merits. The court rejected this argument stating:

"Had the defendants listed the case for trial or taken some other action indicating a desire by the defendants to have the case eventually proceed to trial or if they were the cause of the delay, the bank's argument would have more logic. But that is not the case here for the motion for summary judgment is consistent with the defendants' desire to have the court dispose of the case without the necessity of a trial. Under these circumstances we do not believe there was a waiver." *Id.* at 289, 418 A.2d at 410. (footnote omitted)

Finally, plaintiffs contend that defendants are barred from seeking a judgment of non pros because they did not file their petition for the entry of a judgment of non pros until almost 15 months after plaintiffs filed their complaint. Defendants, according to plaintiffs, cannot complain about the lack of due diligence on the part of the plaintiffs when defendants have failed to diligently pursue their claim that the case should be dismissed on that ground. In support of this position, plaintiffs contend that it was not until the argument on defendants' motion for judgment on the pleadings that defendants first mentioned the entry of a judgment of non pros.

However, the facts in the record show that dismissal based on the five and one-half year delay between the filing of the lawsuit and the filing of the complaint has been an issue in this litigation almost from the time that the complaint was filed. After the complaint was filed, defendants promptly raised in the federal

court proceedings the defense that this case should be dismissed because of plaintiffs' failure to prosecute the case. Defendants' motion to dismiss and memorandum of law in support of its motion filed in the federal court proceedings on June 24, 1994 sought dismissal because of plaintiffs' inexcusable delay in asserting its claims. (Defendants' brief at 26.) Plaintiffs' memorandum of law in response to defendants' motion to dismiss addressed this defense and asserted that the doctrine of laches does not apply to this case because, inter alia, there was no inexcusable delay between 1988 and 1993, and the delay did not cause any prejudice to defendants.

After the case was remanded to this court on August 31, 1994, defendants filed an amended answer which raised the defense of laches and a motion for judgment on the pleadings that sought dismissal on the basis of this defense. While the defense was framed in terms of dismissal under the doctrine of laches, the factual basis for the defense was that every claim in the complaint sought some form of equitable relief and that the averments are barred by the doctrine of laches "[b]ecause of defendants' inexcusable five-year delay in asserting these claims." Defendants' first amended answer and new matter, paragraph 245.

I recognize that in the federal court proceedings and in their motion for judgment on the pleadings defendants sought dismissal for plaintiffs' alleged inexcusable delay for a period in excess of five years through the doctrine of laches and that defendants first sought dismissal for this alleged inexcusable delay through the entry of a judgment of non pros almost 15 months after plaintiffs filed their complaint. Also, I agree with plaintiffs that an action at law seeking monetary damages can be dismissed for inactivity only through the filing of a

petition for the entry of a judgment of non pros—*i.e.,* dismissal based on inactivity is not a jury question raised through the filing of new matter and a reply thereto. However, this is simply a procedural matter. The underlying substantive law governing dismissal of an action at law for monetary damages for failure to proceed is founded on the equitable principle of laches. *Abraham Zion Corp. v. After Six Inc.,* 414 Pa. Super. 611, 615-17, 607 A.2d 1105, 1107 (1992); *American Bank and Trust Co. v. Ritter, Todd and Haayen, supra* at 288, 418 A.2d at 410. Thus, defendants' petition for the entry of a judgment of non pros does not raise a new defense; rather it raises the defense that defendants previously raised in a manner which now permits this court to consider the merits of this defense.

Since the entry of a judgment of non pros is based on principles of equity, the 15-month delay in raising the defense in a manner that allows this court to consider the merits of this defense may be a basis for a court's refusal to consider the defense if plaintiffs can show that they have devoted significant resources to the preparation of the case for trial within this 15-month period. However, nothing in the record suggests that plaintiffs have taken any significant steps to move this case closer to trial during this period. Consequently, the 15-month delay in and of itself, is not a basis for dismissing the petition for the entry of a judgment of non pros.

For these reasons, I enter the following order of court:

## ORDER

On May 9, 1995, it is hereby ordered that a rule is issued on plaintiffs to show cause why a judgment of non pros should not be entered. A response to this petition having already been filed, it is hereby ordered that all factual disputes will be resolved through depo-

sitions. Plaintiffs have the burden of proof and the burden of going forward. Depositions shall be completed within 40 days. Argument on the petitioners' request that the rule be made absolute is scheduled before me on July 5, 1995 at 11 a.m.