## Small v. Murray

*Joel P. Caney,* for plaintiffs.
*Audrey Copeland,* for defendant.

NICHOLAS, *P.J.,* November 27, 1995—This opinion is necessitated by plaintiffs' appeal to the Superior Court of Pennsylvania from our order dated September 8, 1995, which denied plaintiffs' petition to open judgment of non pros.

On April 30, 1990, plaintiffs filed their complaint seeking recovery for injuries allegedly sustained in a traffic accident. They were represented by Joel D. Caney, Esquire. Defendant was served and David A. Tornetta, Esquire, filed his entry of appearance for defendant on May 11, 1990, contemporaneously with defendant's demand for jury trial pursuant to Pa.R.C.P. 1007.1(a), 42 Pa.C.S.[1] Various pleadings, certifications, and motions were filed, as were various deposition transcripts. On April 25, 1991, defendant deposed Police Officer James Conway. The defendant filed a transcript of the deposition, on June 5, 1991.

On December 2, 1991, Mr. Tornetta withdrew his appearance and Joseph A. Manning, Esquire entered his appearance for the defendant.

On December 21, 1993, the Prothonotary of Montgomery County mailed notices of his intent to mark the case terminated pursuant to Local Rule *406.[2] Plain-

---

1. *Rule 1007.1. Jury Trial. Demand. Waiver.*

(a) In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than 20 days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing.

2. *Rule *406. Termination of Inactive Cases.*

A. The prothonotary shall annually prepare a list of all civil cases commenced in which no activity appears on the docket for two years or more immediately prior thereto. He shall give notice thereof to counsel of record and to the parties for whom no appearance has been entered that said cases shall be marked terminated on the docket

tiff filed an activity status certificate on January 14, 1994. On February 4, 1994, defendant again changed counsel, with Thomas K. Ellixson, Esquire, filing his entry of appearance contemporaneously with another demand for jury trial.[3]

Defendant filed her petition for entry of judgment of non pros on March 28, 1994. Plaintiffs filed their answer on April 25, 1994, arguing primarily that undocketed activity precluded grant of defendant's petition. Instead of conducting discovery, plaintiffs attached to their answer Mr. Caney's correspondence file, and Mr. Caney's affidavit, which amounted to little more than a summary of his correspondence file. This evidence showed that plaintiffs believed they were ready for trial on November 20, 1991, when they executed a trial praecipe, and mailed it to defendant's counsel to be executed and filed. See answer, exhibit "C." The parties then exchanged eight letters as each tried to learn whether the case was, in fact, ready for trial. Answer, exhibits "D," "E," "G"-"L." This evidence also showed that plaintiffs switched counsel, and law firms, three times by replacing Mr. Caney, with Lewis S. Small, Esquire, and then by replacing Mr. Small with Saul J. Soloman, Esquire, and then by replacing Mr. Soloman with Mr. Caney. Answer, exhibit "F"; affidavit, ¶¶8,

---

unless an activity status certificate is filed with the prothonotary within 30 days after service of the said notice by mail, in person or by publication on counsel of record and to those parties for whom no appearance has been entered. Said cases shall be marked terminated on the docket unless an activity status certificate is filed with the prothonotary within such time. All matters so terminated may not be reinstated except with leave of court, for cause shown.

3. Mr. Ellixson was of the same law firm as Mr. Manning and Mr. Tornetta before him, that is, Marshall, Dennehey, Warner, Coleman & Goggin.

12, 13. Nothing suggested the reason for these substitutions.[4]

The parties submitted briefs and presented oral argument before the undersigned on January 6, 1995. We granted defendant's petition, and entered judgment of non pros, by order dated February 8, 1995. Plaintiffs filed their notice of appeal to Superior Court on March 1, 1995, and their concise statement of matters complained of on appeal on March 16, 1995. This concise statement set out six reasons why this court erred. The appeal was docketed at no. 825 PHL 1995. The appeal was later discontinued on May 10, 1995.

On March 28, 1995, plaintiffs filed their petition to open judgment of non pros, as required by Pa.R.C.P. 3051, 42 Pa.C.S.[5] Plaintiffs' petition to open set out three paragraphs. The first and second paragraphs alleged only that this court had entered judgment of non pros. The third paragraph set out six reasons why this court erred when it entered judgment of non pros, and was identical to the concise statement previously filed. To support their petition, plaintiffs attached the answer,

---

4. Plaintiffs alleged that they performed some undocketed discovery while represented by Mr. Small. Affidavit, ¶11. However, this was unproven as they relied on a letter from defendant dated May 11, 1992, which was never presented to this court.

5. *Rule 3051. Relief from Judgment of Non Pros.*

(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

(1) the petition is timely filed,

(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

(3) there is a meritorious cause of action.

affidavit, and correspondence they filed in response to defendant's petition for judgment of non pros. Plaintiffs attached a brief which referred this court to "the brief previously submitted." On September 5, 1995, the parties presented oral argument before the undersigned as to plaintiffs' petition to open. We denied plaintiffs' petition to open by order dated September 8, 1995. Plaintiffs filed their notice of appeal and a second concise statement identical to the first. The instant appeal is docketed at no. 3366 PHL 1995.

## DISCUSSION

A petition to open a judgment of non pros cannot be granted unless the petitioner shows (1) that the petition was timely filed, (2) that there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) that there is a meritorious cause of action. Pa.R.C.P. 3051, 42 Pa.C.S. We did not grant plaintiffs' petition to open because they satisfied none of these prerequisites.

Plaintiffs did not timely file their petition to open. We mailed notice of our entry of judgment of non pros on February 8, 1995, and plaintiffs filed their petition to open on March 28, 1995, which means plaintiffs delayed 48 days. Plaintiffs made no attempt to explain this delay. See petition, ¶¶1-3. A delay of 48 days is too long when unexplained. *Texas and Block House Fish and Game Club v. Bonnell Run Hunting and Fishing Corp.,* 388 Pa. 198, 130 A.2d 508 (1957) (27 days too long when unexplained); *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 500, 305 A.2d 698, 700 (1973) (17 days "can hardly be considered prompt" when unexplained) (dictum); *City of Philadelphia v. Williams,* 122 Pa. Commw. 630, 553 A.2d 111 (1989) (36 day delay too long when unexplained); *Toczylowski*

*v. General Bindery Co.,* 359 Pa. Super. 572, 519 A.2d 500 (1986) (41 days too long when unexplained); *Hatgimisios v. Dave's N.E. Mint Inc.,* 251 Pa. Super. 275, 380 A.2d 485 (1977) (37 days too long when unexplained).[6]

Plaintiffs did not present a reasonable explanation or legitimate excuse for their inactivity or delay. The delay period ran from June 5, 1991, when defendant filed a transcript of Officer Conway, to March 28, 1994, when defendant filed her petition for entry of judgment of non pros. This delay period was slightly longer than two years and nine months. It is the law that the trial court properly enters a judgment of non pros when the docket reflects two years, or more, of inactivity, caused by plaintiff's lack of due diligence, and not by compelling circumstances. *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 603 A.2d 1006 (1992). Compelling circumstances include bankruptcy, liquidation, or other operation of law; the need to await significant developments in the law; and such circumstances as may be determined on a case-by-case basis. *Id.* at 356 n.2, 603 A.2d 1009 n.2. A circumstance is compelling only when it effectively removes the case

---

6. We noted that plaintiffs attempted a direct appeal from our entry of judgment of non pros, and, thus, it seemed likely that some portion of the 48 day delay period was caused by plaintiffs' ignorance of Pa.R.C.P. 3051. Even if we could have inferred the direct appeal's contribution to the total lateness, we would have ruled that it excused none of the lateness. We are disinclined to reward a party's ignorance of proper procedure by ruling that it excuses delay. The orderly and equal administration of justice requires litigants to follow the Pennsylvania Rules of Civil Procedure, and this court will enforce the rules absent extraordinary circumstances. *Paden v. Baker Concrete Construction Inc.,* 540 Pa. 409, 658 A.2d 341 (1995) (absence of prejudice, alone, does not oblige the trial court to apply Pa.R.C.P. 126, 42 Pa.C.S.).

from the plaintiff's control. *Dorich v. DiBacco,* 440 Pa. Super. 581, 656 A.2d 522 (1995) (plaintiff had the duty to move case forward despite lack of financial resources sufficient to retain expert witness necessary to establish liability and damages in a medical malpractice case).

Here, the delay was caused by plaintiffs' lack of due diligence as plaintiffs failed to show that they could not have moved their case forward. Plaintiffs argued that the delay was caused by defendant's failure to file the trial praecipe. Concise statement, ¶1. This argument was meritless because it was plaintiffs, not defendant, who had the duty to proceed under Local Rule *212(k)(4).[7] *Pennridge Electric Inc. v. Souderton Area Joint School Authority,* 419 Pa. Super. 201, 209, 615 A.2d 95, 99 (1992) ("If plaintiff's counsel finds herself faced with delays created by others, she must take action to move the case forward, such as . . . requesting a conference with the judge as provided by local rule to have the case put on the trial list.").

Plaintiffs argued that the lack of docket activity was caused by undocketed activity, specifically, "an ongoing dialogue and exchange of discovery," and plaintiffs' switching counsel. Concise statement, ¶¶2, 3. This argument lacked merit because undocketed activity cannot justify a two year absence of docket activity. See *Black-*

---

7. *Rule 212*(k). Certification Required for Trial List Without Settlement Conference.*

(4) If any attorney refuses to join in certification of the case, counsel who wishes the case listed shall request a conference with a judge, and give five days notice of that appointment to other counsel. Thereafter the judge shall rule on whether the case is ready for listing and may order the case listed on motion of counsel if in the opinion of the court the case is ready for certification. Request for the 212(k)(4) conference shall be made to the court administrator.

*burn v. Sharlock, Repcheck, Engel and Mahler,* 433
Pa. Super. 581, 584, 641 A.2d 612, 614 (1994) ("a
claim of ongoing negotiations will not excuse delay
in prosecuting an action"), *allocatur denied,* 539 Pa.
673, 652 A.2d 1319 (1994).[8]

Plaintiffs argued that their inactivity must be excused
because "[t]he period of inactivity on the docket was
less than 30 months." Concise statement, ¶4. See also,
concise statement, ¶6. This was meritless. Our Supreme
Court has stated expressly that, "in cases involving
a delay for a period of two years or more, the delay
will be presumed prejudicial for purposes of any pro-
ceeding to dismiss for lack of activity on the docket."
*Penn Piping, supra* at 356, 603 A.2d at 1009. This
court had no authority to disregard this pronouncement.

Plaintiffs argue on appeal that our entry of judgment
of non pros was improper because "[d]efendant filed
a demand for a jury trial prior to filing the motion
for judgment of non pros whereby there was docket
activity within 60 days from the filing of the motion."
Concise statement, ¶5. First, we think plaintiffs have
no right to make this argument on appeal. "In order

---

8. The categorical proscription stated in *Blackburn* clarified
*Pennridge,* which seemed to imply that the period of docket inactivity
should be reduced by the amount of delay caused by a vigorous,
and promising, attempt at settlement. Even assuming, arguendo, that
vigorous undocketed activity might sometimes reduce a period of
docket inactivity, we note that plaintiffs' undocketed activity was
not vigorous, and in no way served to move the case forward. Plaintiffs'
prosecution was casual and haphazard. Moreover, even if this court
had credited plaintiffs with the sum of their undocketed activity,
still we would have entered judgment of non pros. Giving plaintiffs
credit for the reasonable amount of time they spent conducting dis-
covery and switching counsel would not have reduced the delay
to a period less than 28 months.

to preserve an issue for appellate review a party must make a timely and specific objection at the appropriate stage of the proceedings before the trial court." *Boyle v. Steiman,* 429 Pa. Super 1, 10, 631 A.2d 1025, 1030 (1993), *allocatur denied,* 538 Pa. 663, 649 A.2d 666 (1994). Plaintiffs could have made this argument when defending against defendant's petition for entry of judgment of non pros, but they did not. Plaintiffs made no mention of defendant's second demand for jury trial in their answer or brief, or during oral argument on January 6, 1995. Plaintiffs did not call this court's attention to defendant's second demand for jury trial until plaintiffs filed their first concise statement. Even then, plaintiffs made no mention of defendant's second demand in their brief in support of their petition to open, or during oral argument presented on September 5. 1995.

Second, we find plaintiffs' new argument meritless. The fact that there was "docket activity within 60 days from the filing of the motion" means nothing unless that docket activity tended to move the case forward. *Pine Township Water Co. Inc. v. Felmont Oil Corp.,* 425 Pa. Super. 473, 625 A.2d 703 (1993) (entry of non pros is not precluded by a docket entry which is neither substantive nor positive), *allocatur denied,* 537 Pa. 665, 644 A.2d 1202 (1994).

We considered whether the second demand for jury trial was a waiver of defendant's right to entry of judgment of non pros. A waiver may be inferred from conduct that indicates a willingness to try the case on the merits. *Dorich, supra* at 590, 656 A.2d at 526. However, filing a demand for jury trial does not indicate a willingness to try the case on the merits. *Hoeke v. Mercy Hospital of Pittsburgh,* 254 Pa. Super. 520, 386 A.2d 71 (1978) (right to challenge in personam jurisdiction not waived

where defendants filed demand for jury trial contemporaneously with entry of appearance).

Even assuming, arguendo, that a demand for jury trial can sometimes be a waiver, we do not think that the demand filed February 4, 1994 was a waiver. The rule of *Penn Piping* was based, in part, upon the public's interest in a judicial system which expedites litigation. *Penn Piping, supra* at 356, 603 A.2d at 1009, citing *Shrum v. Philadelphia Electric Company,* 440 Pa. 383, 269 A.2d 502 (1970). Here, the demand for jury trial filed by defendant on February 4, 1994 was perfunctory. It was filed contemporaneously with an entry of appearance, and was superfluous since defendant already filed a demand for jury trial on May 11, 1990. It evidenced no intent to waive defendant's right to petition for the entry of judgment of non pros against plaintiffs.

Finally, plaintiffs did not show that they had a meritorious cause of action. Their petition to open made no reference to the underlying facts. See petition, ¶¶1-3. Plaintiffs were required to do so. Pa.R.C.P. 3051, 42 Pa.C.S.

For the reasons set out above, we exercised our discretion and denied plaintiffs' petition to open. We note that an order denying a petition to open a judgment of non pros will be reversed only when the trial court has committed a "manifest abuse of discretion." *Rockwood Insurance Co. v. Piper,* 440 Pa. Super. 557, 560-61, 656 A.2d 510, 512 (1995).

The order dated September 8, 1995 should be affirmed.