**Rhone v. Zipf**

122

C.P. of Clearfield County, no. 93-466-C.D.

AMMERMAN, *J.*, January 29, 1996—The issue before the court is on defendant's motion for judgment of non pros. A procedural history of the case becomes necessary, with the action being instituted on March 23, 1993, by the filing of a praecipe for writ of summons by counsel for the plaintiffs. Following filing of the praecipe, the prothonotary's office issued the writ on the same date and sent the same to the sheriff for service.

The next docket entry is the sheriff's return, filed July 23, 1993.

There was no further activity in the case until, pursuant to Clearfield County Local Rule 319, the case was placed on the inactive civil list and a letter was filed by the prothonotary. That letter constituted notice that the case had been placed on the inactive list and required appearance on November 20, 1995, before the court to show cause why the case should not be terminated due to inactivity. Notice was given to counsel for the plaintiffs by the prothonotary. Notice was provided to the defendant, Alta Zipf, as up to that point no attorney had entered an appearance or filed any documents on behalf of said defendant.

On November 16, 1995, a motion of judgment of non pros was filed by the defendant through counsel, along with a memorandum of law in support of same.

On November 17, 1995, a complaint was filed by plaintiffs' counsel along with a certificate of service. The case was called before President Judge John K. Reilly Jr. at the inactive civil call list on November 20, 1995. At that time the record reflects that counsel for plaintiffs appeared. Neither the defendant nor anyone on her behalf appeared before the court. President Judge Reilly then issued an order of the same date removing the case from the inactive list and directing the court administrator to list the same for subsequent jury trial.

On November 21, 1995, the defendant filed preliminary objections to the complaint, which for all intent and purpose was a demurrer based upon the inactivity and same issues as set forth in the motion for judgment of non pros. Following the filing by the parties of further

answers and replies concerning the motion for judgment of non pros, argument on said motion and the preliminary objections was held before the court on January 5, 1996.

Defendant requests judgment of non pros upon two separate claims. The first being pursuant to the standards established by our Supreme Court in the case of *Penn Piping Inc. v. INA,* 529 Pa. 350, 603 A.2d 1006 (1992), and the line of cases which followed *Penn Piping.* The plaintiffs counter by alleging a 10 month period of incapacitation on the part of plaintiff Patricia A. Rhone through allegations of same which are contained within plaintiffs' brief. No testimony, affidavits or medical documentation were offered in evidence by plaintiff. However, for the reasons as set forth below the court need not render a decision on this issue.

It is the opinion of this court that the second issue raised by the plaintiffs is dispositional. The plaintiffs' claim that the court has previously ruled on this issue due to the order issued by President Judge Reilly removing the case from the inactive list on November 20, 1995. This court agrees with plaintiffs' contention on this issue. The defendant was notified of the call of the inactive list, and for whatever reason apparently declined or chose not to appear. Plaintiffs cannot be faulted for the failure of the defendant to have counsel enter any appearance until November 16, 1995, and is certainly not responsible for whether or not the defendant herself took any action to notify her insurance company and its counsel that she had received a notice scheduling the case for the call of the inactive list.

This court believes that the precedent as set forth in *Tarantino v. Commonwealth, Kutztown University,* 654 A.2d 115 (Pa. Commw. 1995), is controlling. In that case the Commonwealth Court determined that it

is improper for a trial judge to overrule an interlocutory order of another judge of the same court in the same case. The exception is where new and materially different evidence would be placed on record in the interim between the original trial judge's ruling and reassessment by a second judge of the same court.

Here the case was placed on the inactive list pursuant to local rule by the prothonotary due to a period of inactivity in excess of two years. This is the same issue as is set forth in defendant's motion for judgment of non pros, which was actually filed four days before the call of the inactive list. The reasons for requesting non pros through the motion by the defendant are no different than they were on November 20, 1995, before President Judge Reilly and the case could have been terminated at that time due to inactivity. However, President Judge Reilly, as aforesaid, removed the case from the inactive list. "It does not matter whether the prothonotary notifies the party of its intent to terminate the case, *or whether the non-delaying party petitions for dismissal;* the same standards apply." *Pine Township Water Co. v. Felmont Oil,* 425 Pa. Super. 473, 477, 625 A.2d 703, 705 (1993), citing *Streidl v. Community General Hospital,* 529 Pa. 360, 362 n.2, 603 A.2d 1011, 1012 n.2 (1992). (emphasis in original)

## ORDER

Now, January 29, 1996, it is the order of this court that the motion of judgment of non pros filed on November 16, 1995 and the preliminary objections filed on November 21, 1995, both by the defendant, be and are hereby, dismissed. The court administrator is directed to place the case on the jury trial list for the spring 1996 term of court.