## Auletti v. Kelly

C.P. of Monroe County, no. 186 Civil 1992.

*John B. Dunn,* for plaintiffs.
*Lawrence W. Roth,* for defendant.

MILLER, *J.,* March 13, 1996—On January 24, 1990, plaintiff Robert J. Auletti and defendant Diane Kelly were involved in a motor vehicle accident in Tunkhannock Township, Monroe County. Defendant was driving a vehicle owned by Kimberly Tampa, and insured by Allstate Insurance Company. On January 21, 1992, plaintiffs, acting pro se, filed a writ of summons naming Kelly and Tampa as defendants. Kelly was served; Tampa was unable to be located by plaintiffs, and was not.

On August 16, 1994, the plaintiffs, again acting pro se, filed a complaint naming only Kelly as defendant. On October 17, 1994, defendant filed a petition to dismiss for failure to prosecute. On November 7, 1994, counsel entered an appearance on behalf of the plaintiffs and filed an answer to this petition. Both parties filed briefs in support of their respective positions on the non pros issue, and we heard oral argument on February 5, 1996. We are now ready to proceed.

It is well-settled that the question of whether to grant a non pros rests within the discretion of the trial court. *Gallagher v. Jewish Hospital Association of Philadelphia,* 425 Pa. 112, 228 A.2d 732 (1967). A court may properly enter judgment of non pros when a party to the proceeding has shown (1) a want of due diligence in failing to proceed with reasonable promptitude, (2) there has been no compelling reason for the delay and (3) the delay has caused some prejudice to the adverse party, which will be presumed in actions in which the

delay exceeds two years. *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992).

On January 27, 1995, plaintiffs noticed the deposition of Noel Harvard of Allstate Insurance. Defendant requested this court to quash the subpoena. In our September 20, 1995 opinion quashing the subpoena, we found that even if Harvard's deposition testimony showed that the plaintiffs were engaged in settlement negotiations with Allstate and trying to locate Tampa, these were not compelling reasons for a two-year, eight-month delay. Settlement negotiations and ongoing investigations have both been held not to be compelling reasons to delay docket activity. See *Pilon v. Bally Engineering Structures,* 435 Pa. Super. 227, 645 A.2d 282 (1994), *alloc. denied,* 539 Pa. 680, 652 A.2d 1325 (1994); *Blackburn v. Sharlock, Repcheck, Engel and Mahler,* 433 Pa. Super. 581, 641 A.2d 612 (1994), *alloc. denied,* 539 Pa. 673, 652 A.2d 1319 (1994). However, the plaintiffs have addressed this argument against non pros with the emphasis not on the fact that they had a compelling reason for the delay, but that Kelly has not been prejudiced by the delay.

In *Penn Piping,* our Supreme Court held that a delay of over two years will be presumed to have caused prejudice. Recently, our Superior Court held that any presumption of prejudice arising from the delay may be rebutted by other circumstances, including the defendant's own conduct. *Mudd v. Nosker Lumber Inc.,* 443 Pa. Super. 483, 662 A.2d 660 (1995).

In *Mudd,* there was a two-year, eight-month delay in docket activity. After the Armstrong County Prothonotary gave notice to plaintiff that the case would be dismissed by local rule for inactivity, plaintiff listed the case for trial. The day before the call of the list,

defendant requested a continuance to "negotiate set-tlement." About a month later, defendant filed a motion to non pros for lack of docket activity which the lower court granted. A three member panel of our Superior Court, with Judge Del Sole dissenting, found that the request for continuance was in bad faith for the con-cealed purpose of preparing the motion for non pros and raised questions of fundamental fairness. The ma-jority found that the equitable doctrine of "unclean hands" applied and reversed the trial court.

Plaintiffs here do not raise any equitable theories but seem to be arguing that the delay has assisted the defendant rather than prejudicing her. They base this on a deposition of defendant which is attached to their brief. We have read defendant's deposition and cannot say that we agree with plaintiffs. While plaintiffs argue that defendant's memory of the facts surrounding the accident is better now than over six years ago when it occurred, our reading finds most of Ms. Kelly's re-sponses were "I don't remember."

Plaintiffs do seem to argue secondarily that they had a reason for the delay because Tampa, the owner of the car, couldn't be located and her whereabouts were withheld from them by defendant Kelly and Allstate. Again, our appellate courts have not found this a com-pelling reason. See *Aimee's Touch Inc. v. Kramer,* 441 Pa. Super. 415, 657 A.2d 992 (1995).

For the foregoing reasons, we enter the following order.

## ORDER

And now, March 13, 1996, defendant's petition to dismiss for failure to prosecute is granted.