## Morra v. Ragheb

C.P. of Allegheny County, no. GD93-2158.

*Charles E. Evans,* for plaintiffs.
*Patricia L. Haas,* for defendant.

WETTICK, *J.,* May 13, 1996—Defendant has filed a motion to dismiss for lack of docket activity and requests that a rule issue to show cause why this motion should not be granted. Plaintiffs contend that I should dismiss the motion because it does not set forth prima facie grounds for relief. Pa.R.C.P. 206.5.

Defendant's motion for the entry of a judgment of non pros is based on the decision of the Supreme Court of Pennsylvania in *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992), which held that a trial court may dismiss an action where (1) the plaintiff has shown a lack of due diligence by failing to proceed with reasonable promptitude, (2) there has been no compelling reason for

the delay, and (3) the delay has been for a period in excess of two years.[1]

This is a medical malpractice action. The lawsuit was instituted through a praecipe for a writ of summons filed on February 3, 1993. The complaint was filed on April 15, 1993. Pleadings were closed on July 22, 1993. On August 30, 1993, plaintiffs placed the case at issue.

Since August 1993, there has not been any activity of record on the part of plaintiffs. Furthermore, according to defendant's motion, plaintiffs have done nothing since August 1993 to move the case forward.

The purpose of *Penn Piping* is to protect defendants from lengthy delays between the filing of the lawsuit and the trial of the claim. Under *Penn Piping,* it is the responsibility of the plaintiff to take reasonable steps to move the case to trial.

In Allegheny County, cases are listed for trial on the basis of their issue number. Local Rule 214* (h) provides that:

---

1. Appellate court cases decided after *Penn Piping* which have upheld a lower court's dismissal based on these *Penn Piping* standards include *County of Erie v. Peerless Heater Company,* 660 A.2d 238 (Pa. Commw. 1995); *Aimee's Touch Inc. v. Kramer,* 441 Pa. Super. 415, 657 A.2d 992 (1995); *Dorich v. DiBacco,* 440 Pa. Super. 581, 656 A.2d 522 (1995); *Blackburn v. Sharlock, Repcheck, Engel and Mahler,* 433 Pa. Super. 581, 641 A.2d 612 (1994); *Rockwood Insurance Company v. Motor Coils Manufacturing Co.,* 166 Pa. Commw. 495, 646 A.2d 705 (1994); *Gates v. Servicemaster Commercial Service,* 428 Pa. Super. 568, 631 A.2d 677 (1993); *DiGiacomo v. Philadelphia Suburban Water Co.,* 426 Pa. Super. 183, 626 A.2d 634 (1993); *Pine Township Water Company Inc. v. Felmont Oil Corporation,* 425 Pa. Super. 473, 625 A.2d 703 (1993); *Pennridge Electric Inc. v. Souderton Area Joint School Authority,* 419 Pa. Super. 201, 615 A.2d 95 (1992). Compare *Mudd v. Nosker Lumber Inc.,* 443 Pa. Super. 483, 662 A.2d 660 (1995).

"The prothonotary shall keep an issue docket and shall enter cases therein when requested by any of the parties. The cases so entered shall receive consecutive numbers. No case shall be placed at issue until all pleadings have been filed and preliminary motions and objections disposed of. In no event shall a case be placed at issue earlier than 60 days from the date of service of the original complaint upon the defendant. Cases placed at issue in violation of this rule shall be stricken from the issue docket. Such cases shall receive a new number after full compliance with this rule."

A party can place a case at issue as soon as the pleadings are closed; the case does not need to be ready for trial.[2] If a plaintiff places a case for which a jury trial is sought on the issue docket (and does not thereafter take any steps to prevent the case from appearing on the trial list on which it would otherwise appear), in most instances *Penn Piping* will not have any applicability. The plaintiff will have done everything necessary to move the case to trial simply by placing the case on the issue docket. Once a case has been placed at issue, the explanation for any delay in the case being listed for trial relates to the court schedule rather than dilatory conduct on the part of the plaintiff. *Tonet v. Giant Eagle,* 144 Pitts.Leg.J. 175, 177 (1995).

---

2. In Allegheny County, for jury trials, ordinarily a case does not initially appear on a trial list until approximately one year after it has been placed at issue; the trial list lists cases for trials that will take place within approximately four to five months. For example, cases that were placed at issue in the fall of 1994 were listed for trial on the March 1996 trial list which was published in the November 13, 1995 *Pittsburgh Legal Journal.* These cases were tried between March 4, 1996 and April 4, 1996. However, only a limited number of medical malpractice cases are listed on a trial list, so there is a longer time before a medical malpractice case placed at issue appears on a trial list.

Defendant contends that *Penn Piping* should apply because after placing the case at issue plaintiffs' counsel has not exercised diligence in preparing this case for trial. Although defendant has requested plaintiffs to identify experts whom they will call at trial and to furnish expert reports, plaintiffs have failed to do so. Furthermore, plaintiffs have ignored discovery requests and have failed to comply with an October 28, 1994 court order compelling discovery within 30 days. Defendant's motion to dismiss also indicates that plaintiffs have not conducted discovery that will be necessary before the case can be tried.

I recognize that a case may more likely settle after the plaintiff has completed most of the discovery necessary for trial and has furnished expert reports to the defendant. I also recognize that discovery conducted at a later date may elicit less complete and less accurate information. However, these are matters that are within the province of the discovery rules. If a defendant is not obtaining the discovery which it seeks, the defendant has adequate recourse through Pa.R.C.P. 4019. A defendant's right to obtain the reports of the plaintiff's expert witnesses is governed by Pa.R.C.P. 4003.5, 4007.4, and 4019. *Penn Piping* was not intended to be used to amend these discovery rules.

There are three types of delay that may be prejudicial to a defendant. The first is a delay in providing notice of the lawsuit to the defendant. This is governed by the statute of limitations and *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976). The second is a delay in providing relevant information to a defendant seeking discovery. This is governed by the sanction provisions of Rule 4019 of the Pennsylvania Rules of Civil Procedure governing discovery. The third is a delay between the filing of the lawsuit and the trial of the case. This is the delay which is governed by *Penn Piping* and its progeny.

The purpose of *Penn Piping* is to allow a person named as a defendant in a lawsuit to have the claims against that person tried with reasonable promptness. However, *Penn Piping* covers only delays attributable to the plaintiff because it would be unfair to penalize a plaintiff for delays attributable to the court and because a defendant cannot complain about delays which he or she caused.

In this case, plaintiffs have done nothing to delay the trial of the case. Under procedures of this court, the publication of the trial list is the mechanism for the completion of discovery and the filing of expert reports. Each trial list contains deadlines by which discovery must be completed and expert reports must be filed. A trial date will not necessarily be continued because a party may have difficulty meeting these deadlines. Ordinarily, cases do not appear on a trial list until at least one year after they have been placed at issue. The response to a party which states that it will have difficulty meeting the deadlines of the trial list for the completion of discovery and the filing of expert reports is that the party should have conducted its discovery and prepared its case for trial during the year or more before the case appeared on a trial list.

Any dilatory behavior on the part of plaintiffs from August 1993 to the present will not delay the trial of the present case. In the Common Pleas Court of Allegheny County, the scheduling of the trial of a case that has been placed at issue has nothing to do with whether the case is ready for trial. Also, if plaintiffs would seek a later trial date after the case appears on a trial list on the ground that they are not ready to try the case, the court will find that plaintiffs have not offered a reasonable justification for the continuance because they had from August 1993 in which to prepare their case for trial. And if defendant would seek a later trial date because of plaintiffs' failure to comply with

an October 28, 1994 30 day discovery order, the court will find that defendant has not offered a reasonable justification for the continuance because defendant had from November 27, 1994 in which to seek sanctions for noncompliance with the discovery order.

I recognize that under Local Rule 4003.5 which governs expert reports in professional negligence and product liability claims, a plaintiff can accelerate the trial of a case by furnishing expert reports to the defendant. However, this is a discretionary rule, and I would be turning it into a mandatory rule contrary to the purpose for its adoption if the failure to utilize this local rule could be the basis for a *Penn Piping* dismissal.[3]

## ORDER

On May 13, 1996, it is hereby ordered that defendant's request for the issuance of a rule to show cause why this case should not be dismissed for inactivity of record is denied.

---

3. *Penn Piping* could possibly be applicable where a defendant has provided its expert reports and the plaintiff ignores the request of the defendant to file final expert reports and list the case for trial under Local Rule 4003.5.