Christine D. CHASE and Leroy
G. Chase, Appellants,

v.

NATIONAL FUEL GAS CORPORATION.

Superior Court of Pennsylvania.

Argued Jan. 30, 1997.

Filed Feb. 28, 1997.

Reargument Denied May 9, 1997.

Mark Prenatt, Erie, for appellants.

Peter J. Scanlon, Erie, for appellee.

Before TAMILIA, SAYLOR and SCHILLER, JJ.

TAMILIA, Judge:

Christine and Leroy Chase appeal from the July 22, 1996 Order denying their petition for relief from a judgment of non pros. We affirm.

Appellants' underlying suit was based upon injuries allegedly suffered as a result of a natural gas leak in their home. On November 18, 1993, appellants commenced their action by filing a praecipe for writ of summons. The writ was served on appellee on

November 22, 1993. The sheriff's return was docketed on November 24, 1993. Thereafter, the docket reflects no activity until November 9, 1995, at which time appellants filed their notice of intention to take depositions. On November 27, 1995, appellee filed its motion for judgment of non pros, which was granted by Order dated May 24, 1996. By Order dated July 22, 1996, the court denied appellants' petition for relief from the non pros.

On appeal, appellants claim "the trial court abuse[d] its discretion in entering a judgment of non prosequitur where there was no two-year period of inactivity on the docket entries, where there was no prejudice shown by the defendant and the delay was partially attributable to the defendant's inaction." (Appellants' brief at 4.)

■ The question of whether to enter a judgment of non pros for a plaintiff's failure to prosecute an action within a reasonable time rests within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Mudd v. Nosker Lumber, Inc.*, 443 Pa.Super. 483, 662 A.2d 660 (1995). It is well-established that a court may enter judgment of non pros where: (1) a party has shown a lack of due diligence by failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused prejudice to the adverse party. *James Bros. Lumber Co. v. Union Banking and Trust Co. of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968). Our Supreme Court has refined this latter element by holding that "in cases involving a delay for a period of two years or more, the delay will be presumed prejudicial for purposes of any proceeding to dismiss for lack of activity on the docket." *Penn Piping, Inc. v. Insurance Co. of North America*, 529 Pa. 350, 356, 603 A.2d 1006, 1009 (1992).

■ Turning to the first element, we note appellants' argument that they have exercised due diligence by conducting "a great deal of discovery". (Appellants' brief at 11.) In rejecting this claim, the trial court held:

The docket does not reflect that any discovery was being conducted. Nor was a complaint ever filed even though it had been two years since the plaintiffs praecipied for a writ of summons. In fact, it wasn't until the case had languished for almost two years that the plaintiffs filed notice of taking depositions. This is not the type of due diligence that comports with the spirit of Penn Piping.

(Slip Op., Joyce, J., 5/24/96, p. 2.) Keeping in mind our standard of review, we find no abuse of discretion in the court's conclusion that appellants have failed to exercise due diligence in prosecuting their action.

■ Appellants also claim the second element necessary for entry of non pros is not satisfied because the ongoing discovery constitutes a compelling reason for the delay. In *Penn Piping, supra*, our Supreme Court held that a compelling reason for delay exists where the delay was caused by bankruptcy, liquidation or other operation of law, or where the case was delayed awaiting significant developments in the law. *Id.* The court also noted that other compelling reasons may be determined on a case-by-case basis. *Id.* However, a recent panel of this Court has recognized that the "other compelling reasons" "all involve situations where events beyond the plaintiffs' control impeded progress." *MacKintosh–Hemphill International Inc. v. Gulf & Western Inc.*, 451 Pa.Super. 385, 394, 679 A.2d 1275, 1280 (1996). Finally, "it has been held many times that settlement negotiations, discovery and financial considerations do not present compelling reasons for delay." *County of Erie v. Peerless Heater Co.*, 660 A.2d 238, 240 (Pa.Cmwlth.1995) (emphasis added). Guided by these principles, we agree with the trial court that appellants' proffered excuse, ongoing discovery, does not constitute a compelling reason for the delay in this case.

Nonetheless, appellants remind us that a judgment of non pros involves equitable principles. In this regard, appellants argue we should find a compelling reason for the delay because appellee failed to answer two sets of interrogatories in a timely manner. Appellants claim appellee's delay in answering the first set of interrogatories was six months and the delay answering the second set of interrogatories was 55 days. Thus, accord-

ing to appellants, "[t]he delay in this case was due, in part, to [appellee's] own actions." (Appellant's brief at 14.) However, the record reveals that appellee was unable to answer the interrogatories because of a procedural default by appellants. As the trial court explained, "the plaintiffs failed to comply with 42 Pa.C.S.A. § 4005, which requires a brief statement of the nature of the cause of action to accompany the interrogatories when they are served prior to a complaint. Because the complaint had not been filed, and counsel had not complied with Rule 4005, and because of a factual discrepancy in the interrogatories, the defendant was only ... able to partially respond to the interrogatories and requests for production of documents since it did not know what it was defending against." (Slip Op., Joyce, J., 7/22/96, pp. 2–3.) Particularly because appellants do not respond to this finding of the court, we find no abuse of discretion in the conclusion that appellee did not contribute to appellants' failure to pursue this action.

■ Having found no compelling reason for the delay, we turn to the prejudice element of the non pros standard. As noted, *Penn Piping* established the principle that a delay in docket activity of two years or more is presumptively prejudicial. We also reiterate that appellants' writ of summons was returned by the sheriff on November 24, 1993 and appellee's motion for judgment of non pros was filed on November 27, 1995. The only docket activity appearing between those dates was the filing, on November 9, 1995, of appellants' service of deposition notice. Appellants claim this docket activity, which occurred less than two years after the writ of summons was returned, precludes application of the presumption of prejudice established in *Penn Piping*. We disagree.

In *Pine Township Water Co., Inc. v. Felmont Oil Corp.*, 425 Pa.Super. 473, 625 A.2d 703 (1993), allocatur denied, 537 Pa. 665, 644 A.2d 1202 (1994), a panel of this Court found that plaintiff's petition to remove its case from a termination list was "neither substantive in nature nor exemplary of the type of positive docket activity contemplated by this Court in Penn Piping." *Id.* at 478–79, 625

A.2d at 706. Similarly, in *Collura v. L & E Concrete Pumping Inc.*, 454 Pa.Super. 572, 686 A.2d 392 (1996), this Court considered whether the entry of an appearance by appellants' counsel was sufficient docket activity to preclude the *Penn Piping* presumption. In affirming the entry of non pros, the court "[did] not deem such activity as 'substantive' or an example of 'positive docket' action." *Id.* at ——, 686 A.2d at 395.

Applying this rationale to the instant case, we agree with the trial court that service of appellants' notice of depositions, placed on the docket after 23 months and 15 days of inactivity, does not constitute "substantive" and "positive" docket activity. We are simply unable to find, under the facts of this case, that the mere act of docketing their intention to take depositions satisfied appellants' obligation to move their case forward. See *Kennedy v. Bulletin Company*, 237 Pa.Super. 66, , 346 A.2d 343, 346 (1975) ("The duty, therefore, is clearly on the appellant to proceed with his cause of action and he, not the appellee, should bear the risk of not acting within a reasonable time."). Since the docket activity of November 9, 1995 was nonsubstantive, it becomes clear that the last substantive docket activity prior to appellee's motion for judgment of non pros, filed on November 27, 1995, was the sheriff's return of the writ of summons on November 24, 1993. Because this period constitutes a "delay for a period of two years or more," we presume that appellee has been prejudiced. *Penn Piping, supra.*

■ Based on our determination that the three elements of the non pros standard have been satisfied, the court properly terminated appellants' action for failure to prosecute. Accordingly, we find no abuse of discretion in the July 22, 1996 Order denying appellants' petition for relief from judgment of non pros.[1]

Order affirmed.

1. We recognize that this appeal is properly taken

from the denial of appellants' petition for relief

from the judgment of non pros, rather than from the entry of non pros itself. In order to remove a judgment of non pros, three elements must be met: (1) a petition to open must be promptly filed; (2) the delay must be reasonably explained; and (3) facts must be shown to exist which support a cause of action. *Pine Township Water Co., Inc. v. Felmont Oil Corp.*, 425 Pa.Super. 473, 625 A.2d 703 (1993), allocatur denied, 537 Pa. 665, 644 A.2d 1202 (1994). However, since appellant's underlying claim is that the court erred in

entering the non pros, we have considered appellants' argument under the standard set forth in *James Bros. Lumber Co. v. Union Banking and Trust Co. of DuBois*, 432 Pa. 129, 247 A.2d 587 (1968), as cited above. At any rate, in light of our finding that appellants have not reasonably explained the delay in prosecuting their action, this appeal would fail under either standard.

