Chiman GOHEL and Vina
Gohel, Appellants,

v.

MONTGOMERY HOSPITAL, Joseph
Bender, M.D., L. Wimal Perera,
M.D., Appellees.

Superior Court of Pennsylvania.

Argued April 29, 1997.

Filed Aug. 6, 1997.

Thomas J. Ruggieri, Philadelphia, for appellants.

L. Rostaing Tharaud, Philadelphia, for Montgomery Hospital, appellee.

Mary C. Pugh, Norristown, for Joseph Bender, M.D., appellee.

Francis J. McGovern, Blue Bell, for L. Wimal Perera, M.D., appellee.

Before BECK and POPOVICH, JJ., and MONTEMURO*, Judge.

POPOVICH, Judge.

This is an appeal from the Order of the Court of Common Pleas of Montgomery County denying appellants' petition to open a judgment of non pros. We affirm.

■ When reviewing a lower court's denial of a petition to open a judgment of non pros, we must determine whether the lower court abused its discretion. *Collura v. L & E Concrete Pumping, Inc.*, 454 Pa.Super. 572, n. 2, 686 A.2d 392, 394–5 n. 2 (1996). To open a judgment of non pros, the petitioner must demonstrate to the trial court's satisfaction that that the following three elements are met: 1) a petition to open must be promptly filed; 2) the delay must be reasonably explained; 3) facts must be shown to exist which support a cause of action. Pa.

R.C.P. 3051(b). Presently, there is no dispute that appellants' petition to open was promptly filed. Accordingly, we move to the second prong of our test whether appellants' delay in prosecuting their cause of action was reasonably explained.

■ To determine whether there existed a reasonable explanation for the period of delay, the trial court properly applied the three-prong test of *Penn Piping, Inc. v. Insurance Co. of North America*, 529 Pa. 350, 603 A.2d 1006 (1992). The *Penn Piping* test allows a trial court to enter a judgment of non pros where it finds: 1) failure to proceed diligently with reasonable promptitude; 2) a lack of a compelling reason for the delay; and 3) the delay has caused some prejudice to the adverse party, which will be presumed in cases where the delay exceeds two years. *Id.* at 357, 603 A.2d at 1008. Appellants are correct in their assertion that due diligence may be demonstrated by discovery activity not reflected on the docket, even where the period of docket inactivity exceeds two years. *State of the Art Medical Products, Inc. v. Aries Medical, Inc.*, 456 Pa.Super. 148, 689 A.2d 957 (1997).

With those standards in mind, we review the procedural history of this case. Appellants filed a praecipe to issue a writ of summons on December 11, 1990, and a complaint on January 15, 1991. An order was entered on March 25, 1991, approving the stipulation of all parties involved to amend the complaint. During the period between April of 1991 and August of 1992, appellees filed their answers to the complaint and various cross-claims, new matters, and replies among each other.

On January 25, 1993, appellee-Montgomery Hospital filed a motion asking the court to set a deadline for all expert depositions to be completed within 90 days because the suit was, at that point, over two years old, and appellants had not obtained any additional expert opinions since the suit commenced.[1] Appellants filed a response to this motion on

---

* Retired Justice assigned to Superior Court.

1. Appellants did provide two reports to appellees; one from Dr. Chandra Rathod, dated August 1, 1990, and one from Dr. Mahendra Gohil, dated November 8, 1990. It is important to note that appellants obtained both reports before the suit commenced on December 11, 1990.

February 23, 1993, in which they argued that due to the complex nature of this case, the court should allow an additional 240 days for them to depose their experts. After oral arguments, the court entered an order on May 14, 1993, which granted appellants 180 days to prepare their final experts' reports.

From the entry of the discovery order on May 14, 1993, until March 1, 1996, 33 months later, there was no further docket activity except two entries of appearance filed by new counsel when appellants twice retained new counsel within the same law firm.[2] On March 1, 1996, counsel for appellee, Dr. Bender, filed a motion for entry of judgment non pros. Likewise, appellees, Dr. Perera and Montgomery Hospital, filed motions for entry of judgment of non pros on March 7 and March 8, 1996, respectively. On March 25, 1996, appellants filed responses claiming these motions were premature. Nevertheless, the court granted these motions on May 31, 1996, and entered the judgment of non pros on June 3, 1996.

Appellants filed a petition to open the judgment of non pros on June 17, 1996. Appellees filed answers to appellants' petition, and argument on appellants' petition was held on November 13, 1996. The court denied appellants' petition by order dated November 16, 1996, and this appeal followed.

■ Appellants claim that they have proceeded diligently with their cause of action during the 33 month period of docket inactivity by taking part in "extensive discovery" which does not appear on the docket. Specifically, appellants direct our attention to the following: On November 23, 1993, they forwarded supplemental answers to expert interrogatories in which they named an additional expert, Dr. Eugene Spitz. The deposition of appellee, Dr. Perera, was scheduled for January 21, 1994, but was cancelled due

to inclement weather.[3] Finally, on January 26, 1994, appellants deposed appellee, Dr. Bender. Appellants do not indicate any other steps which they took to move their case forward between January 26, 1994, to March 1, 1996, a period of 25 months.

■ As previously stated, we agree that due diligence in prosecuting one's cause of action may be demonstrated by activity not reflected on the docket, even where the period of docket inactivity exceeds two years. *State of the Art Medical Products, supra.* In *State of the Art Medical, supra,* we considered an argument similar to that of appellants and held that the limited nature of the exchange of four discovery matters was not sufficient to show due diligence in light of the fact that there was over two years of docket inactivity. *Id.* at 158, 689 A.2d at 963.

Similarly, in this case, we find that appellant's limited discovery activity is insufficient to prove due diligence in light of 33 months of docket inactivity. All discovery activity indicated by appellants took place on or before January 26, 1994, and cannot be used as evidence of due diligence during the 25 months of delay which followed. We therefore find that the trial court did not abuse its discretion in finding a lack of due diligence on the part of the appellants.[4]

■ We now turn to the second prong of *Penn Piping,* i.e., whether there was a compelling reason for the delay. Appellants offer several excuses for the delay. Specifically, appellants claim the following factors are compelling reasons for their delay: 1) appellees contributed to the delay by cancelling a deposition; 2) appellant's mental handicap and Indian dialect inhibited his communication with counsel; 3) the case is complex; and 4) appellants changed counsel twice during the period of delay. We will address each of these in turn.

---

2. Appellants' attorney, Dennis Scanlon, withdrew and Thomas Sullivan entered his appearance on June 20, 1994, and Thomas Sullivan withdrew and Thomas Ruggieri entered his appearance on August 24, 1995.

3. Appellants did not make any effort to reschedule this deposition until March 19, 1996. This was several weeks after appellees filed their motions for judgment non pros.

4. We note that the two entries of appearance which were filed when appellants twice switched counsel within the same law firm do not constitute docket activity for our purposes. *Collura, supra,* (substitution of counsel within the same law firm is not an example of positive docket activity which would bar entry of judgment of non pros).

Appellee, Dr. Perera cancelled a deposition scheduled on January 21, 1994, due to inclement weather. However, appellants failed to justify how this cancellation was a compelling reason for a delay of over two years, especially since appellants made no attempt to reschedule the deposition until *after* appellees had filed for judgment of non pros, over 25 months later. Appellants' claim of communication difficulties also failed to justify the delay. The record indicates substantial activity on appellants' part before the delay in question. Any communication difficulties which existed between appellants and their attorneys did not impede the progress of the case from the time it commenced on December 11, 1990, until Dr. Bender's deposition on January 26, 1994. Therefore, we find that any such difficulties could not be considered a *compelling* reason to justify the recent delay of over two years.

■ Appellants' claim of delay resulting from the complex nature of this malpractice action also does not justify the delay. We are unaware of any precedent which views the complexity of a case as a compelling reason for delay, especially where counsel can anticipate such complexity before undertaking the suit.

Examples of situations which would be viewed as compelling reasons for delay include "cases where the delaying party establishes that the delay was caused by bankruptcy, liquidation, or other operation of law, or in cases awaiting significant developments in the law." *Penn Piping,* 529 Pa. at 356 n. 2, 603 A.2d at 1009 n. 2; *Collura,* 454 Pa.Super. at ——, 686 A.2d at 395–396. We, therefore, find the trial court did not abuse its discretion in declining to recognize "complexity" as a compelling reason for over two years of inactivity on the part of appellants. Moreover, even if we assume that the case is as complex as claimed by appellants, then we would expect a diligent litigant could point to extensive discovery which would excuse the delay. *Cf. State of the Art Medical, supra.* Here, in the face of allegedly complex injuries, appellants chose to do nothing to further their understanding of the case for more than two years.

Finally, appellants' argued that their changes in counsel amount to a compelling reason for delay. However, since all changes in counsel involved attorneys employed by the same firm, these changes can hardly amount to a compelling reason for the delay. *Cf. Collura, supra,* (substitution of counsel should not be classified as a step taken to prosecute diligently the case). Having considered all of appellant's reasons for the delay and found none compelling, we hold that the trial court did not abuse its discretion in finding a lack of a compelling reason for the delay.

■ We now turn to the final prong of *Penn Piping,* which requires that the party moving for judgment of non pros be prejudiced by the delay. Where there is a lack of docket activity for more than two years, such prejudice is presumed. *Penn Piping,* 529 Pa. at 356, 603 A.2d at 1009. Since this case involves a delay which is greater than the required two years, the trial court properly presumed that appellees had suffered prejudice from the delay.

■ Appellants argue that they have successfully rebutted this presumption because they have shown a lack of actual prejudice on the part of the appellees. However, appellants cannot rebut the presumed prejudice by showing a lack of actual prejudice. "The presumption established in *Penn Piping* may be rebutted only to the extent that a plaintiff may demonstrate that the unexplained period of docket inactivity is less than two years. The plaintiff in such instances is required to provide an explanation of that period of docket inactivity which can reduce the delay to less than two years." *State of the Art Medical,* 689 A.2d at 961. Appellants have not been able to explain the period of inactivity in order to reduce the delay to less than two years. Therefore, prejudice is presumed in this case, and the third prong of *Penn Piping* is satisfied. *Cf. Rockwood Insurance v. Motor Coils Mfg.,* 166 Pa.Cmwlth. 495, 646 A.2d 705 (1994) ("[A]s to rebutting the presumption, we read *Penn Piping* and its progeny to mean that the presumption of prejudice can only be rebutted by showing that

the period of unexcused delay has been reduced to less than two years").

Since the trial court found all three elements of *Penn Piping* were satisfied, we find the trial court was within its discretion in deciding that appellants had neither reasonably explained the 33 months of docket inactivity nor the 25 month delay from appellants' last discovery event. Accordingly, appellants' petition to open the judgment of non pros was properly denied.[5]

Order affirmed.

5. Since appellants have failed to fulfill the second of three requirements listed in Pa.R.C.P. 3051(b), we need not address whether appellants have demonstrated the existence of facts to support their cause of action.