**Lanza v. Lewis**

C.P. of Dauphin County, no. 2881 S 1992.

*Leslie Jacobson,* for defendant.
*Tracy McNamara,* for plaintiff.

TURGEON, *J.,* September 8, 1998—Plaintiff Carlo Lanza has filed a petition seeking to open a non pros judgment entered in favor of defendant Ereno Lewis September 27, 1996. For the reasons set forth below, plaintiff's petition is denied.

## PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint on July 17, 1992 to which defendant filed an answer with new matter. Thereafter, plaintiff filed an amended complaint to which defendant again filed an answer with new matter. Plaintiff filed his reply to new matter on January 12, 1993. No further docket activity occurred until January 5, 1996, almost three years later, when plaintiff filed an objection to the proposed termination of this case due to inactivity.[1]

On March 11, 1996, Judge Lewis entered an order requiring the case be settled or listed for trial by July

---

1. Plaintiff's filing was prompted by inclusion of this action on the court's November 1995 "purge" list: civil actions slated for termination due to docket inactivity of two years or more pursuant to local rule. Dauphin County Rule of Judicial Administration 1901.

1, 1996, or face termination. On April 11, 1996, defendant filed a petition for judgment of non pros and on June 21, 1996, plaintiff requested a bench trial. Defendant objected to the bench trial and it was ordered deferred pending the outcome of the non pros petition. Thereafter, the non pros issue was briefed and orally argued before an en banc panel of this court, following which non pros was granted, by order of September 27, 1996.

On October 7, 1996, plaintiff filed a petition for relief from judgment of non pros, seeking to open the judgment, pursuant to Pa.R.C.P. 3051, 42 Pa.C.S. That petition was originally denied by order of October 25, 1996; however, the October 25 order was thereafter vacated on October 30, 1996 and the parties were directed to proceed under local rule to file briefs and list the matter for oral argument. All briefs were filed by November 15, 1996; however, the matter was not listed for argument until March 1998. The parties filed supplemental briefs, and oral argument on the petition for relief from non pros was held on May 20, 1998 before a panel of this court.

## LEGAL DISCUSSION

To open a non pros judgment, the petitioner must allege facts showing (1) the petition is timely filed; (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and (3) there is a meritorious cause of action. Pa.R.C.P. 3051(b); *Jacobs v. Halloran,* 710 A.2d 1098, 1100 n.4 (Pa. 1998). Plaintiff timely filed his petition to open, doing so within 10 days following entry of non pros. Plaintiff has also alleged facts establishing a meritorious breach of contract action wherein he avers as follows: he loaned $100,000 to defendant in February 1985 to be repaid within one

year at 10 percent interest; after plaintiff was not paid within a year, defendant reaffirmed the debt various times between February 1986 and February 1992, causing plaintiff to forebear from instituting legal action; and that in February 1992, defendant advised plaintiff he would not repay the loan prompting this action. Therefore, plaintiff's entitlement to relief rests on whether he has a reasonable explanation or legitimate excuse for his inactivity or delay.

In determining whether plaintiff can meet this requirement, the court reviews the three elements necessary to issue a non pros judgment. *Gohel v. Montgomery Hospital,* 698 A.2d 653, 654 (Pa. Super. 1997). At the time non pros was entered, the applicable standard under *Penn Piping* permitted non pros when (1) plaintiff had not diligently proceeded with reasonable promptitude; (2) there was no compelling reason for the delay; and (3) the delay caused prejudice to the defendant. *Penn Piping Inc. v. Insurance Co. of North America,* 529 Pa. 350, 354, 603 A.2d 1006, 1008 (1992). Under *Penn Piping,* a defendant was presumed to have been prejudiced where the docket indicated inactivity of two years or more. *Id.* at 357, 603 A.2d at 1009. In April of this year, however, the Supreme Court in *Jacobs v. Halloran* overruled the presumption of prejudice and reverted to the actual prejudice test enunciated in *James Bros. Co. v. Union Banking and Trust Co.,* 432 Pa. 129, 247 A.2d 587 (1968); *Jacobs v. Halloran,* 710 A.2d 1098, 1103 (Pa. 1998).

Turning to the first requirement, we conclude plaintiff did not proceed diligently. In meeting his burden, plaintiff may point to non-docket activity. *Gohel v. Montgomery Hospital,* 698 A.2d at 654. See also, *Davis v. Lexeen Inc.,* 117 Dauph. 138 (1997) (Clark, J.). Plaintiff notes the following non-docket activity occurred: On June 3, 1993, plaintiff forwarded interrogatories to defendant; June

18, 1993, defendant directed interrogatories to plaintiff; March 11, 1994, defendant forwarded answers to plaintiff and at some unspecified time, plaintiff responded to defendant's interrogatories; September 14, 1994, the parties' depositions were conducted following which a lengthy settlement conference was held; between September 1994 and June 1995, ongoing settlement negotiations were held; and on June 28, 1995, a second settlement conference was held. (Plaintiff's brief in opposition to non pros pp. 1-2.) Plaintiff also asserts that during this time, the parties had unspecified telephone discussions, exchanged correspondence and requested production of documents. (Brief in opposition at 3; petition for relief from non pros ¶4a.)

These activities indicate a lack of diligence whereby, during an almost three-year period, the only activities occurring in this simple breach of contract action were two depositions, an exchange of interrogatories, two settlement conferences and some unspecified communications.

Plaintiff has also failed to show he had compelling reasons for any delay or inactivity. In a companion case to *Jacobs v. Halloran,* the Supreme Court held non-docket activity may be considered in deciding whether a compelling reason for delay exists. *Marino v. Hackman,* 710 A.2d 1108, 1111 (Pa. 1998). Even upon consideration of non-docket activity, there were considerable delays in moving this case along. Discovery appears to have been completed by September 14, 1994, when the parties' depositions were taken. Nevertheless, following a discovery conference that day, no further activity occurred until almost nine months later, June 28, 1995, when a second settlement conference was held. Furthermore, following that conference, no activity was initiated by plaintiff for another

six months until plaintiff filed an objection to the proposed case termination.[2] Plaintiff has not submitted any compelling reasons why this relatively simple contract action has undergone such considerable delays.

Finally, plaintiff has failed to show defendant has not been actually prejudiced by the inactivity.[3] Actual prejudice may be established by "any substantial diminution of a party's ability to properly present its case at trial." *Jacobs* at 1103. (citation omitted) Defendant is now 87 years old, suffers from memory loss and other cognitive difficulties, and asserts he may be unable to accurately testify to activities occurring over 10 years ago. Plaintiff has not contested this assertion.

Accordingly, we enter the following:

## ORDER

And now, September 8, 1998, plaintiff's petition for relief from judgment of non pros, in the nature of a petition to open judgment, is hereby denied.

---

2. Plaintiff asserted ongoing settlement negotiations occurred between September 1994 and June 1995, but has not substantiated this claim. It remains plaintiff's burden to show his entitlement to open non pros judgment.

3. When non pros was originally entered in this case, defendant had been entitled to the presumption he suffered prejudice due to the almost three-year docket inactivity. Defendant had specifically relied upon the *Penn Piping* presumption of prejudice in seeking non pros and did not allege actual prejudice. Petition for non pros ¶¶7, 9. However, in arguing non pros before this court, he has asserted actual prejudice.