### Long v. Larusso (No. 2)

C.P. of Montgomery County, no. 94-22105.

*Clyde W. Waite,* for plaintiff.
*William H. Pugh V,* for defendant.

SALUS, *J.,* April 30, 1998—This appeal arises from this court's granting of the defendant's motion for judgment of non pros, as per order dated August 1, 1997. The plaintiff then filed a petition to open and/or strike judgment on December 19, 1997.[1] The court denied the petition and an appeal followed. The plaintiff's four contentions[2] as to why this court erred in granting the instant motion are as follows: First, the plaintiff claims that the motion for judgment of non pros was inappropriate because the above captioned case and *Christopher Long v. Bruno P. Larusso,* Mont. Co. docket no. 94-22103, are companion cases, therefore the docket activity in the *Christopher Long* case should be inferred to the *James O. Long* case; second, Long contends that the defendant caused the delay from which he has now profited through the granting of non pros; third, Long alleges that there occurred significant docket activity and "off" docket activity; fourth, the plaintiff alleges that the defendant has failed to satisfy the three

1. According to Pa.R.C.P. 3051, a petition to open and/or strike judgment is the proper procedural method to challenge the entry of judgment of non pros. The denial of the petition is final and appealable.

2. See plaintiff's concise statement of matters complained of on appeal, filed April 24, 1998.

elements of *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992).[3]

## FACTUAL AND PROCEDURAL HISTORY

On November 22, 1992, at approximately 10 a.m., the plaintiff's son, Christopher, was operating a motor vehicle owned by the plaintiff. The vehicle being operated by Long was struck from behind by a vehicle operated by the defendant, Larusso. Long's vehicle was damaged in the accident. The complaint alleges that the sole cause of the accident and the damage was the negligent conduct of the defendant. In addition to property damage to the vehicle, a loss of business and business opportunities is also alleged as an injury suffered by the plaintiff.

The action was initiated by writ of summons. The summons was reissued on February 27, 1995, and served on March 16. The plaintiff filed a complaint in this action on April 11, 1997. An answer with new matter was filed on April 29, 1997. The plaintiff then replied to the new matter. The defendant's motion for judgment of non pros was filed on May 27, 1997. The motion was granted by this court by order of August 1, 1997. An immediate appeal followed on August 12, 1997, in contravention of Pa.R.C.P. 3051.

An opinion of this court was filed on September 23, 1997, setting forth the reasons for the entry of non pros. The Superior Court quashed the August 12 appeal by order of November 24, 1997. On December 19, 1997, a petition to open and/or strike judgment was filed by the plaintiff. The petition was denied and

---

3. The plaintiff also notes that the presumption of prejudice adopted in *Penn Piping* has been abandoned. *Jacobs v. Halloran,* no. 18 E.D. appeal docket 1997 (Pa. April 2, 1998).

a second, and timely, appeal followed on April 17, 1998.

## DISCUSSION

The standards for a trial court to grant a motion of non pros, although recently modified, are well settled. The decision to grant a motion of non pros is within the discretion of the trial court. For a court to dismiss an action for lack of docket activity three things must be shown: "(1) a party has shown a want of due diligence in failing to proceed with reasonable promptitude; (2) there is no compelling reason for the delay; and (3) the delay has caused some prejudice to the adverse party . . . ." *Streidl v. Community General Hospital,* 529 Pa. 360, 363, 603 A.2d 1011, 1012 (1992).

When this motion for the entry of non pros was decided,[4] the trial court was to presume prejudice where a delay of at least two years occurred. *Penn Piping Inc.,* 529 Pa. 350, 603 A.2d 1006 (1992); *Blackburn v. Sharlock, Repcheck, Engel and Mahler,* 433 Pa. Super. 581, 585, 641 A.2d 612, 614 (1994). This proposition, so actively employed since *Penn Piping,* has recently been abandoned by the Supreme Court of Pennsylvania in *Jacobs v. Halloran,* no. 18 E.D. appeal docket 1997 (Pa. April 2, 1998). *Jacobs* is clear that the rule it espouses "shall apply to all pending cases where the issue has been preserved." *Id.,* slip op. at 9. Because the plaintiff has alleged that actual prejudice has not occurred, the court will address that issue.[5]

Furthermore, when judgment by non pros is entered, Pennsylvania Rule of Civil Procedure 3051 governs

---

4. Order, filed July 8, 1997.

5. See plaintiff's response to defendant's motion for entry of judgment of non pros, paragraph 23(c).

relief from the judgment's entry. In order to open the judgment the following things must be demonstrated: (1) the petition is timely filed; (2) there is a reasonable explanation or legitimate excuse for the inactivity or delay; and (3) there is a meritorious cause of action. Pa.R.C.P. 3051(b). The trial court's determination of whether to open a judgment entered by non pros will be upheld absent an abuse of discretion. *Pine Township Water Co. v. Felmont Oil Corp.,* 425 Pa. Super. 473, 477, 625 A.2d 703, 705 (1993).

Turning to the contentions of the plaintiff, we will first address the relevancy of the companion case of *Christopher Long v. Bruno P. Larusso,* Mont. Co. dkt. no. 94-22103. The plaintiff argues that the companion case and the instant case are really the same case and that the docket entries in *Christopher Long* should be applicable to the *James O. Long* case. This reasoning is unsound and would act to impinge upon the orderly administration of justice. The law provides several methods for consolidating or joining actions. The plaintiff utilized none of them. Instead, one of the actions was attended to with diligent prosecution, while the other was left to languish on the docket, as the unwanted and non-lucrative offspring of Christopher Long's automobile accident.

Furthermore, contrary to counsel's assertions, these cases were not mirror images of each other. The *Christopher Long* action involved physical injuries to the driver, while the *James O. Long* case involved property damage to that plaintiff's motor vehicle. Also, as indicated by the caption, the plaintiffs are two different persons. There is no authority presented by the plaintiff that even so much as intimates support for the proposition that docket entries made in a case prosecuted by a different plaintiff, although arising from the same

set of facts, but for different injuries, could be considered in a motion for non pros filed in a companion case. This argument is without merit.

The plaintiff's second contention on appeal is that the delay in prosecuting the case was caused by the defendant's conduct.[6] Although it is true that a plaintiff may not have a judgment of non pros entered against him when the delay complained of is attributable to the defendant, *Herb v. Snyder,* 454 Pa. Super. 612, 620, 686 A.2d 412, 416 (1996) (delay caused by defendant failing to reschedule preliminary objections for argument), a plaintiff faced with such a scenario must take action to move the case forward. *Pennridge Electric Inc. v. Souderton Area Joint School Authority,* 419 Pa. Super. 201, 209, 615 A.2d 95, 99 (1992). Although it may be true that the defendant continually canceled depositions and that a deposition of the defendant was never taken due to the defendant's failing health, it still does not alter the fact that the plaintiff made no effort on the docket to compel the taking of the testimony.

Third, the defendant complains that there occurred significant docket activity and "off" docket activity and that such activity precludes the entry of a non pros judgment. Specifically, the plaintiff contends that, as proof of the diligent prosecution of the case, the parties have been involved in negotiations making settlement imminent. Settlement discussions and negotiations will not serve as an excuse for delay in prosecuting an action. *Blackburn,* 433 Pa. Super. at 584, 641 A.2d

---

6. Specifically, the plaintiff alleges that "the defendant's repeated unavailability for depositions due to the defendant's failing health" caused the delay. See plaintiff's response to defendant's motion for entry of non pros at 10.

at 614. The obvious benefits of settlement discussions pale in the face of protracted negotiations. As the court noted in *Pennridge Electric,* the prospect of vigorous litigation helps keep a real possibility of settlement alive. When the threat of litigation passes, so too do serious settlement discussions. *Pennridge Electric Inc.,* 419 Pa. Super. at 207, 615 A.2d at 98.

In the case sub judice, the plaintiff failed to keep the threat of litigation alive. Even if the defendant gave the impression, or even the promise, that settlement was imminent, it is still the burden of the plaintiff to prosecute his case until settlement is reached. Prompt prosecution of a case may necessarily entail initiating motions to compel, or even sanctions, if the defendant stalls. The plaintiff, in this case, did not fully prosecute his action.

The court is mindful of the recent Supreme Court case of *Marino v. Hackman,* no. 193 M.D. 1996, 1998 WL 151083 (Pa. April 2, 1998). There, the Supreme Court held that non-docket activity may be considered when deciding whether a case should be terminated pursuant to Rule of Judicial Administration 1901.[7] *Id.* at *1. In *Marino,* the plaintiff's original attorney died and was substituted with a second attorney named Arthur Rabelow. Rabelow eventually abandoned the case, last telling the plaintiffs that settlement negotiations were proceeding. Rabelow never contacted the plaintiffs and they were left to hire new counsel. Counsel then spent several months trying to obtain files from Rabelow and eventually had to drive over 200 miles in order

---

7. The Pennsylvania Supreme Court held that the same standards apply for the entry of non pros as for judicial termination of suits under Rule of Judicial Administration 1901. See *Shope v. Eagle,* 1998 WL 149458 at *3 (Pa. April 2, 1998).

to obtain them. Letters were also exchanged between counsel evidencing the existence of settlement discussions. *Id.*

The trial court in *Marino* terminated the case pursuant to the local Rule of Judicial Administration 1901 and the Superior Court affirmed. The Pennsylvania Supreme Court reversed. The Supreme Court noted that the case had an "unusual" amount of docket activity and that "any one of the cited factors would be insufficient to salvage this case." *Marino,* no. 193 M.D. 1996, 1998 WL 151083 at *3 (Pa. April 2, 1998). In "combination," the Supreme Court found that each singularly insufficient factor may act to prevent termination. *Id.*

Here, the plaintiff points only to letters exchanged between counsel expressing an interest in settlement and in taking the deposition of the defendant. The case sub judice is devoid of the same unusual circumstances as were present in *Marino* and rests solely on factors the *Marino* court found insufficient when standing alone. See *id.* The delay in the case at bar was due to the plaintiff's failure to compel the taking of depositions and being placated with the prospect of settlement. This caused the plaintiff to not pursue his cause with due diligence.

The plaintiff finally contends that the three elements for the entry of judgment of non pros have not been met. The above discussion regarding "off" docket activity touches upon the first element, that is, a want of due diligence by not prosecuting the case with reasonable promptitude.

Regarding the second element, that no compelling reason exists for the delay, the plaintiff argues that

there are numerous compelling reasons. The court disagrees with this characterization. Other than the defendant failing to appear for depositions and the possibility of imminent settlement, the plaintiff offers no other compelling reason for the delay. A reason for delay will be compelling only if it is the cause of the delay. *MacKintosh-Hemphill International Inc. v. Gulf & Western Inc.,* 451 Pa. Super. 385, 394, 679 A.2d 1275, 1279 (1996). Also, the reason for the delay must be one the plaintiff could not have prevented. Here, the plaintiff had many procedural options available to at least attempt to prevent the alleged repeated delays by the defendant.

To address the plaintiff's argument that actual prejudice has not been demonstrated,[8] we refer the plaintiff to the suggestion of death of Bruno P. Larusso, filed April 29, 1997. The death of or unexplained absence of material witnesses is sufficient prejudice to allow for the entry of non pros. See *James Brothers Lumber Co. v. Union Banking and Trust Co. of DuBois,* 432 Pa. 129, 132, 247 A.2d 587, 589 (1968); *Carroll v. Kimmel,* 362 Pa. Super. 432, 524 A.2d 954 (1987). Furthermore, the Supreme Court in *Jacobs* adopted the Superior Court's definition of prejudice as "any substantial diminution of a party's ability to properly present its case at trial." *Jacobs,* no. 18 E.D. appeal docket 1997, slip op. at 10 (Pa. April 2, 1998), citing *Metz Contracting Inc. v. Riverwood Builders Inc.,* 360 Pa. Super. 445, 451, 520 A.2d 891, 894 (1987). The driver of the vehicle that allegedly struck the plaintiff's vehicle

---

8. This is the third element that must be demonstrated before the trial court may grant a motion for the entry of judgment of non pros. *Jacobs,* no. 18 E.D. appeal docket 1997, slip op. at 9 (Pa. April 2, 1998).

is certainly a material witness[9] and his death has resulted in at least some prejudice to the defense.

For all of the forgoing reasons, the court's denial of the plaintiff's petition to open and/or strike the entry of judgment of non pros should be affirmed, as a reasonable explanation for the delay was not forthcoming and the delay resulted in prejudice to the defense.

---

9. Black's Law Dictionary defines a material witness as "[a] person who can give testimony relating to a particular matter no one else, or at least very few, can give." Black's Law Dictionary 977 (6th ed. 1990).